### Edward P. Matte v. City of Winooski, et al.

[271 A.2d 830]

No. 73-70

Present: **Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed December 1, 1970

62

*William E. Mikell,* Burlington, for Plaintiff.

*John J. Boylan, Jr.,* Burlington, for Defendants.

**Holden, C.J.** This action in equity was brought to aid the plaintiff, an aggrieved taxpayer, to prosecute his appeal from the appraisal and assessment made by the listers of the City of Winooski on real property which the plaintiff owns in that city. The appeal has gone forward from the municipal agencies to the Chittenden County Tax Appeal Board, as provided in 32 V.S.A., Chapter 131.

The complaint alleges that the plaintiff sought access to and permission to copy the tax assessment records and work sheets of the city listers. His object was to prepare his appeal for the purpose of establishing that the assessments on his property were unfair, unreasonable and inconsistent with the assessments of other comparable properties in the city. The city officials refused the request and the taxpayer complains that the denial of his request prevents him from adequately presenting his appeal. Injunctive relief is sought to remedy the situation. More specifically, the plaintiff asks that the defend-

ants be enjoined from preventing him from making photocopies of the city tax records.

Upon hearing the case on the pleadings, supplemented by oral evidence and exhibits, the chancellor reported the facts. His findings tell us that the defendant listers, in the performance of their duties, compile and maintain information concerning each parcel of land, including improvements, types of construction and estimated reproduction costs of the various properties within their jurisdiction.

These officials also record comments and observations made in the course of their inspection and appraisal of the subject properties. The listers rely to a great extent on the information that is recorded on these cards in making their final appraisals. The cards are kept in the custody of the listers at their office in the City of Winooski.

The findings state that the defendants have made the information on these cards, as well as the general tax records, available to the plaintiff and have granted him permission to hand copy the data and information requested. The chancery court reported it was unable to find that the plaintiff will be prevented from prosecuting his tax appeal if permission to photocopy the appraisal cards and work sheets is withheld. The findings go on to point out that the plaintiff can, by a proper expenditure of time and effort, present his case to the County Tax Appeal Board without the use of photocopies of the listers' work sheets and appraisal cards.

The common law has established the right in all citizens to inspect the public records and documents made and preserved by their government when not detrimental to the public interest. *Clement* v. *Graham*, 78 Vt. 290, 315, 63 A. 146 (1906). The right is confirmed by statute with limited exceptions where considerations of public policy and necessity require some restraint. 1 V.S.A. §§ 311–314. See *Rutland Cable T.V., Inc.* v. *City of Rutland*, 122 Vt. 1, 5, 163 A.2d 117 (1960).

In this regard it is noteworthy that the tax law imposes no special restriction on the disclosure of the ingredients of property appraisals. On the other hand, examination and disclosure of inventories filed by the taxpayer are rigidly confined and protected by penal sanction. 32 V.S.A. § 4009.

In this instance, the chancellor afforded relief to the extent of access and examination of all records and work sheets, but permission to photograph this material was expressly withheld. The plaintiff appeals from this aspect of the decree to present the narrow question of whether the right to inspect includes the right to make photographic copies.

■ A public official, charged with the responsibility of reproducing a document filed for record, may copy by photograph in preference to manual copying. In reaching this holding, the Court commented that "(n)ew times have brought new methods, and . . . the choice of the process is but the 'choice of the pen,' a detail with which we will not attempt to interfere." *Town of Bennington* v. *Booth*, 101 Vt. 24, 27, 140 A. 157 (1928).

■ The right of an interested citizen to procure a copy of a public record does not include the right to select the method of reproducing what is recorded. We must recognize that there are many different types and designs of photocopying equipment. To permit an aggrieved taxpayer to encumber the listers' office with any type of photographic copier could seriously impair the administrative functioning of the office.

When confronted with much the same problem, the Supreme Court of New Jersey made the point that:

> "(t)o permit copying with any machine a particular individual may propose to use, without prior tests as to its capability, would subject the record to the hazard of damage. Although the right to inspect is of vital importance, it is of equal public importance that the original record be not mutilated. Public officials should have the opportunity to select equipment which will assure that the records will not be damaged, and to make suitable arrangements for the availability of such equipment. Hence the result of producing a photocopy can best be obtained by requiring the proper official to furnish such copy at a reasonable cost, rather than by permitting the applicant to make a copy with his own machine." *Moore* v. *Board of Freeholders of Mercer County*, 39 N.J. 26, 186 A.2d 676, 678 (1962) (modifying *Moore* v. *Board of*

*Freeholders of Mercer County*, 76 N.J. Super. 396, 184 A.2d 748 (1962)).

With us, the matter of furnishing copies of public records is controlled by statute. 32 V.S.A. § 1751 provides:

"Officers and persons whose duty it is to record deeds, proceedings, depositions, or make copies of records; proceedings, docket entries, or minutes in their offices, when no other provision is made, shall be allowed:

(1) The sum of forty cents a folio therefor with a minimum fee of $1.00;

(2) The sum of $1.00 for each official certificate;. . . ."

The provisions of our statute impose no restraint on access to public records. Its terms do not obstruct the examiner from copying by hand such extracts of the record as he may deem pertinent. By the same token, it leaves the general matter of reproducing copies of the record, where it correctly belongs,—within the control of the official custodian. Since he is charged with the responsibility of maintaining and protecting the public documents entrusted to his care, it is within his discretion to prescribe how they are to be protected and to what mechanical processes they will be subjected.

In the presence of the objection of the listers to having their appraisal cards photographically copied by mechanical devices, the restriction imposed by the chancellor was not in error. Furthermore, it was in keeping with sound policy considerations which in no way trench upon the plaintiff's right of access to the information contained in the listers' records. If more precise and detailed reproduction is required to enable the plaintiff to effectively prosecute his appeal, recourse is available to him under the provision of the statute previously quoted. 32 V.S.A. § 1751, *supra*.

*Decree affirmed.*