Kenneth W. Brown, Sr., Administrator of the Estate of Dorothea E. Brown v. Burton J. Tatro and The State of Vermont

[356 A.2d 512]

No. 116-75

Present: Barney, C.J., Smith, Daley, Larrow and Billings, JJ.

Opinion Filed April 6, 1976

*Bloomer & Bloomer*, Rutland, for Plaintiff.

*B. Michael Frye* of *Paul, Frank & Collins*, Burlington, for the State.

**Billings, J.** The administrator of the estate of Dorothea E. Brown brought suit against defendant Burton J. Tatro, alleg-

ing that as a result of the defendant's negligent acts in driving a motor vehicle while in a state of intoxication an accident occurred on October 25, 1973, which resulted in plaintiff's intestate's death. The plaintiff administrator also joined as a party to the complaint the State of Vermont, contending that the State was negligent in issuing a driver's license to defendant Tatro. Defendant Tatro previously had been convicted on three separate occasions of driving while under the influence of intoxicating liquor. Additionally, defendant Tatro's right to operate a motor vehicle in the State of Vermont was revoked on June 5, 1969, by the Commissioner of Motor Vehicles for a period of life in accordance with 23 V.S.A. §§ 1185 and 1189. On July 5, 1973, defendant Tatro was issued a pardon by the Governor of the State of Vermont, covering the driving while intoxicated convictions. Subsequently, defendant Tatro applied for a motor vehicle driver's license, and, after passing the required examination, a license was issued.

Defendant State of Vermont moved for summary judgment, and the trial court, after making findings of fact and conclusions of law, granted the motion. The plaintiff requested permission to appeal prior to final judgment, V.R.A.P. 5(b), and the trial court certified the following controlling questions of law:

(a) Did the Commissioner of Motor Vehicles properly issue a motor vehicle operator's license to the defendant Burton J. Tatro after the Governor of the State of Vermont granted a full and unconditional pardon to Mr. Tatro in connection with three convictions of driving while under the influence of intoxicating beverages?

(b) Assuming the Commissioner of Motor Vehicles improperly issued a motor vehicle license to the defendant Burton J. Tatro, was the issuance of the license a proximate cause of the accident in question and the death of the plaintiff's intestate?

Plaintiff now claims that the questions certified were not the ones he desired to be considered. It is solely within the discretion of the trial court on an interlocutory appeal to state the controlling questions of law. And on

appeal, unless clear error is shown in stating the issues, this Court will not review or rephrase the issues so certified. V.R.A.P. 5(b).

Plaintiff now raises for the first time a separate factual issue of whether the Burton Tatro involved in the accident in question was the Burton Tatro pardoned by the Governor. Factual issues, on permissive appeals, may not be considered since V.R.A.P. 5(b) states: "The appeal shall be limited to questions of law."

■ We answer the first question certified in the affirmative. Once the pardon was issued by the Governor, all legal punishment or disqualifications resulting from the convictions were removed. If the convictions involved certain disqualifications which would not follow from the commission of the crime without conviction, the pardon removes such disqualifications. 23 V.S.A. §§ 1183, 1187; *Application of S.S.,* 130 N.J. Super. 21, 324 A.2d 611 (1974); 28 Harv. L. Rev. 647, 653 (1915). Once defendant Tatro's disqualification to hold a motor vehicle license was removed, he stood in the same position as any other applicant. The Commissioner of Motor Vehicles, absent any evidence of disqualifications pursuant to 23 V.S.A. § 603, was obligated upon proper application and notification that defendant passed the required examination to issue defendant a motor vehicle license. In the record here no such disqualifying evidence is shown.

In view of the affirmative answer to the first question of law certified by the trial court, we do not reach the second question certified.

*For the reasons hereinbefore stated in this opinion, question one is answered in the affirmative.*