# John Doe, et al. v. Thomas P. Salmon, et al.

[378 A.2d 512]

No. 39-77

Present: Barney, C.J., Daley, Larrow, Billings, and Hill, JJ.

Opinion Filed September 12, 1977

*Thomas J. Kenney,* Burlington, for Plaintiffs.

*M. Jerome Diamond,* Attorney General, and *Louis P. Peck,* Chief Assistant Attorney General, Montpelier, for Defendants.

*Clarke A. Gravel* and *Brooke Pearson* of *Gravel, Shea & Wright,* Burlington, for defendant-intervenor McClure Newspapers, Inc.

*Paul D. Sheehey,* Burlington, for defendant-intervenor Mt. Mansfield Television, Inc.

**Daley, J.** This is an appeal from a judgment of the Franklin Superior Court enjoining the former Governor of this State and other named public officials from disclosing to the general public and news media any information relating to certain full pardons granted prior to July 1, 1976. The action was instituted as a class action by the chairman of the Vermont Parole Board and an unnamed pardon recipient.

The facts are not disputed, having been the subject of a stipulation entered into by all parties, and may be summarized

as follows. The defendant public officials are custodians of the records of pardons granted by Governor Salmon. The pardons were issued and information related thereto was recorded prior to July 1, 1976. In a formal opinion (Op. Att'y. Gen. 77-76), the Attorney General advised the defendant Governor that the pardon records were public in nature and presumably available for review by the public, subject only to limited discretionary power in the Governor to withhold the records in the interests of public policy based upon individual cases. The Governor would exercise that discretion in some cases on behalf of some of the plaintiffs. The intervenor members of the news media claim the right to know, publish, disseminate and/or disclose to the general public the names of all persons pardoned, the dates of those pardons, and the offenses and penalties to which those pardons relate. The plaintiff class includes individuals who applied for pardons conditioned upon confidentiality, who provided information prior to July 1, 1976, who would be adversely affected in their economic, social, and familial relationships by the public disclosure of such pardons, and who are employees of the State.

Upon these facts, the trial court concluded and adjudged that although the public, including the news media, has the right to inspect and publish information contained in public records, that right must be based upon an interest which is founded upon more than mere curiosity and which is not detrimental to the public good. Further, the release of such information requires an exercise of judgment and discretion by the pardoning authority based upon reasonable procedures or rules and regulations established to insure that the dissemination of the information is not detrimental to the public good and is not done solely out of curiosity. Concluding that such a determination had not been made, the trial court issued an injunction to continue in force and effect until that requirement had been met. The original defendants and the intervenors appeal from the judgment.

The appellants contend that the judgment is not supportable in fact or in law. We agree and dismiss. While the individual considerations advanced by the plaintiffs in their desire for anonymity are understandable, our decision is limited by the agreed statement of facts and the structure of controlling statutory law and judicial decisions in force and effect at the

time the pardons were granted. However sympathetic we might be to the defendants' position, we must apply the law to the facts placed before us.

■■ The critical question is whether the plaintiffs have demonstrated a legal right to relief as ordered by the judgment of the trial court. The power to pardon is a function of the State delegated to the Executive and conferred upon the Office of Governor. Vt. Const., ch. II, § 20. It is not a personal act of the individual holding that office, but it is an official declaration by the chief executive that a named person is relieved from the consequences of a specific crime or crimes. 59 Am.Jur.2d *Pardon and Parole* § 3; see *Brown* v. *Tatro*, 134 Vt. 248, 250, 356 A.2d 512 (1976). The exercise of the pardoning power is within the sole discretion of the Governor and is not judicially reviewable except as to questions of validity. It is an official act based upon public considerations as well as an act of grace. 59 Am.Jur.2d, *supra*, at § 12, citing *Rich* v. *Chamberlain*, 104 Mich. 436, 62 N.W. 584 (1895).

Since the granting of a pardon is an official act, we turn to Chapter I, article 6 of our State constitution, which provides:

> That all power being originally inherent in and co[n]sequently derived from the people, therefore, all officers of government, whether legislative or executive, are their trustees and servants; and at all times, in a legal way, accountable to them.

■ This constitutional mandate is carried out by 3 V.S.A. § 52, which imposes a duty upon the Secretary of Civil and Military Affairs to keep a full and complete record of official acts of the Executive Department. This same officer is required to make copies of records in his office attested under his seal. 3 V.S.A. § 53. Being an official act, the granting of a pardon is by virtue of 3 V.S.A. § 52 a record required to be kept by law, and therefore, it is a public record. *Clement* v. *Graham*, 78 Vt. 290, 312-13, 63 A. 146 (1906). We have no way of knowing from the findings of fact what information is contained in these records. Since the granting of the pardon is the official act, the record is that which is recorded to effect the granting of the pardon.

The right of all citizens to inspect public records and documents made and preserved by their government when not detrimental to the public interest has been established by the

common law. *Matte* v. *City of Winooski*, 129 Vt. 61, 63, 271 A.2d 830 (1970); *Clement* v. *Graham, supra.* There are limited exceptions to this doctrine which are imposed by statute where considerations of public policy and necessity require some restraint, *e.g.*, pre-sentence investigation reports (28 V.S.A. § 204(d)), certain tax records (32 V.S.A. §§ 3102, 5815(d)), records of juvenile proceedings (33 V.S.A. §§ 651, 663), and judicial selection (4 V.S.A. § 602(c)). The parties have cited us to no constitutional, statutory or common law authority, and we find none, which would support the premise that records of pardons granted by the Governor are exceptions to the general law of public records. In fact, the contrary would appear from a reading of 28 V.S.A. § 809, which sets forth the procedures to be followed once an application for a pardon is made. Without reciting the full section, it is significant to note that once the Governor has reached his decision after hearing, he shall communicate it in writing to the applicant and the State's Attorney of the county in which the offense was committed; and at his direction may cause that decision to be published in one or more newspapers within the State. It should also be noted here that official court records of arrest and conviction are public records available for public inspection.

As a correlative to the right of inspection of public records and documents, the custodian of those records has a legal duty to the public to accord that right. This duty is ministerial in nature and so clear and specific that no element of discretion or of official judgment is involved in its performance. *Clement* v. *Graham, supra*, 78 Vt. at 318. The situation which led to this appeal is remarkable because it was the inverse of most public records controversies, including *Clement* and *Matte.* Usually a plaintiff seeks access to records over the objections of a public official as opposed to the situation here where the plaintiffs sought an injunction to prevent voluntary disclosure. Despite the difference in the factual context, the standard of open access is the same.

The appellees argue that the Governor has discretionary power to declare the records of pardons immune from disclosure when he finds that revelation would clearly be an unwarranted invasion of personal privacy, a frustration of the purpose for which the pardon was granted or would otherwise be against public policy. Essentially, they contend that the public good may lie in uninhibited access to public records but

that a general rule of publicity frustrates and adversely affects the pardon process because it discourages potential pardonees from seeking pardon to avoid additional publicity of their previous circumstances at some later date. In effect, they claim that the private interests of the individual are superior to the public right to know, thus the pardon records would be accessible only upon a discretionary determination by the Governor that disclosure is in the public interest. Our preceding discussion makes clear that this theory is not the law in Vermont.

The plaintiffs also contend, and the court found, that in granting some of the pardons, the Governor agreed with the recipients that the information pertaining to their pardons would be kept confidential. Without in any way casting reflection upon the good faith of the Governor, such private agreements must give way to the right of access to public records held by public officials. By virtue of 3 V.S.A. § 52, the records of pardons are public record subject only to statutory exemptions and the requirements of the common law. Those agreements, although compassionately entered into, could only be valid if authorized by law, and there is no such law. A public official's discretion to withhold records otherwise public only arises when the publicity of those records would be detrimental to the public good, and the agreed statement of facts does not support that conclusion.

The statement of facts reveals that the disclosures in question here were sought prior to the effective date of the present public records law. 1 V.S.A., subchapter 3, chapter 5, effective July 1, 1976. Future requests for disclosure would be subject to the provisions of that Act but we are not pointed to, nor do we perceive, any provisions of that Act which suggest a result different than that which we have reached here.

The court's findings of fact recite the parties' agreed statement of facts which is no more than a slender conclusory statement of possible harm to the plaintiffs' private interests and individual concerns, inadequate as a matter of law to demonstrate detriment to the public good arising from the obtaining of knowledge of official acts of the State's highest officers. In the absence of findings standing alone or providing necessary inferences that the release of information would be detrimental to the public good, the judgment is unsupportable in law. Moreover, because the plaintiffs failed to establish a legal right to the remedy they sought, the court erred in not

granting the original defendants' motion to dismiss on the ground that the complaint failed to state a cause of action upon which relief could be granted.

*The judgment order enjoining public inspection of pardons records is vacated, and the cause is dismissed.*