Kenneth W. Brown, Sr., Administrator of the Estate of Dorothea E. Brown v. Burton J. Tatro and State of Vermont

[392 A.2d 380]

No. 186-77

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed September 11, 1978

Motion for Reargument Denied October 3, 1978

*Bloomer and Bloomer,* Rutland, for Plaintiff.

*B. Michael Frye* of *Paul, Frank & Collins, Inc.,* Burlington, for State.

**Larrow, J.** This case was previously before us on interlocutory appeal, resulting in affirmance of a summary judgment below dismissing the action as to the defendant State of Vermont. *Brown* v. *Tatro,* 134 Vt. 248, 356 A.2d 512 (1976). Following remand, on December 22, 1976, plaintiff voluntarily dismissed his claim against defendant Tatro, so that the summary judgment appealed from, filed March 6, 1975, became a final judgment on that date. V.R.C.P. 54(b). A second attempted appeal was dismissed as begun by defective notice, on April 8, 1977, and the cause was then remanded to Caledonia Superior Court, "without prejudice to any motion plaintiff may file pursuant to V.R.C.P. 60(b)." Such a motion was filed April 12, 1977, and denied June 30, 1977. Plaintiff now appeals from that denial.

The original stated claim against the State of Vermont was based upon alleged negligence in issuing a driver's license to defendant Tatro, causing an accident that resulted in the death of plaintiff's intestate. The legal effect of a claimed governor's pardon for prior offenses of driving while intoxi-

cated was decided in our first opinion. The underlying issue now involved is whether the pardon in question was in fact issued to defendant Tatro. Plaintiff claims that the defendant here is Burton J. Tatro of Wolcott, whereas the pardon referred to one Burton F. Tatro of Newport. He asserts that this involves a question of fact calling for relief from final judgment under V.R.C.P. 60(b)(6), as within the phrase "any other reason." He also pleads ground (1), mistake, inadvertence and excusable neglect, and ground (2), newly discovered evidence, with respect to this matter. The State says the motion below was untimely, correctly denied as a matter of discretion, and without effect on the original order, which was based, in part, upon lack of causation. See *Rivers* v. *State of Vermont*, 133 Vt. 11, 328 A.2d 398 (1974).

Under V.R.C.P. 60(b), motions for relief from final judgment, on *any* ground, must be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year from entry of judgment. The one year bar is an absolute one where it applies, but we hold that it did not here apply. The State's motion for summary judgment was granted March 6, 1975, and plaintiff's motion for relief from judgment was filed April 12, 1977, more than two years later. However, under V.R.C.P. 54(b), the summary judgment order did not become "final" until December 22, 1976, when the claim against Tatro was dismissed and all issues and parties had been disposed of. The initial clause of V.R.C.P. 60(b) makes clear that it is a *final* judgment, order or proceeding from which relief is afforded. Prior to becoming final as defined in V.R.C.P. 54(b), an interlocutory order or judgment is left within the plenary power of the court that rendered it to afford such relief as justice requires; it is not brought within the restrictive provisions of 60(b). 7 Moore's Federal Practice ¶ 60.20, at 242 (2d ed. 1975). The one year period, therefore, began to run on December 22, 1976, and the motion below was within, not without, that period.

Whether the motion was brought within a reasonable time, however, in light of when the plaintiff acquired knowledge of the alleged discrepancy in names, is another question. The test is whether the trial court here exercised

sound discretion under all factors and circumstances, including the factor of reasonable time. We disturb this discretionary action only for abuse. 7 Moore's Federal Practice ¶ 60.28[2], at 405 (2d ed. 1975); see *Bardill Land & Lumber, Inc.* v. *Davis*, 135 Vt. 81, 370 A.2d 212 (1977). While the record below does not indicate the exact date on which the plaintiff discovered the alleged discrepancy in names, the record *here* indicates such knowledge some time before January 12, 1976, because it is mentioned in the plaintiff's brief filed with this Court on that date. Knowledge of this "newly discovered" evidence, therefore, predated the 60(b) motion by at least fifteen months. We are not, accordingly, prepared to disturb the ruling of the trial court that the motion was not filed within a reasonable time.

▇ Plaintiff would have us hold otherwise on the basis of our April 8, 1977, order, which remanded the cause without prejudice to any 60(b) motion. He argues that filing such a motion on April 12 was necessarily within a reasonable time. The argument mistakes the effect of the entry; it would seek to transpose an express refusal to rule upon such a motion into a ruling that if filed, it would be timely. At the time the entry was made, the possibility of such a motion being made was indeed apparent. We were fully cognizant of the rule requiring action, discretionary in nature, by the trial court, as laid down in *Bardill, supra*. And the entry, in retrospect perhaps superfluous, was to spell out clearly that our dismissal of the appeal then pending was to operate in no way as a decision, or indication of decision, on such a motion if and when filed.

We base our affirmance of the ruling below solely upon the ground that no abuse of discretion appears in the trial court's ruling that the 60(b) motion was not filed within a reasonable time. But we also note in passing that in the original order granting the State's motion for summary judgment the trial court held, as a matter of law, that the necessary element of proximate causation was not made to appear from the pleadings, presumably based upon our holding in *Rivers, supra*. Not reached in the interlocutory appeal and unchallenged in

this proceeding, that holding stands as a very strong, if not dispositive, reason for affirmance. See, e.g., *Kentucky Fried Chicken Corp.* v. *Diversified Packaging Corp.*, 549 F.2d 368, 391 (5th Cir. 1977).

*The order appealed from is affirmed.*