## Richard C. Welch v. Agnes Mae Seery, Individually and as Town Clerk for the Town of Hartford

[411 A.2d 1351]

No. 214-79

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

Opinion Filed February 5, 1980

*Richards and Lawlor, P.C.*, Springfield, for Plaintiff.

*Harry A. Black* of *Black & Plante, Inc.*, White River Junction, for Defendant.

**Hill, J.** On April 10, 1979, plaintiff, a resident of the town of Hartford, Vermont, requested that defendant, Town Clerk of the Town of Hartford, disclose "all fees accrued to the Office of the Town Clerk during the calendar years of 1976, 1977, and 1978." Defendant denied the request, whereupon plaintiff commenced this action to have the income and salary of the Office of the Town Clerk declared matters of public record for the years in question. Alleging that defendant had denied him access to her office so that he could inspect the documents on file, plaintiff also sought to have defendant enjoined from withholding information identifying the amount of income and salary of the office. The superior court dismissed plaintiff's action for failure to state a claim upon which relief could be granted, V.R.C.P. 12(b)(6), and entered judgment. It is from the dismissal of his claim for declaratory and injunctive relief that plaintiff appeals. We affirm.

Plaintiff's request and defendant's subsequent denial cannot be fully understood without first grasping the unique nature of the compensation that the town clerk receives. Remuneration for the incumbent comes from two sources. First, either the town or the selectmen may vote to compensate the town clerk. 24 V.S.A. §§ 932–933; 32 V.S.A. § 1224. In the present case, the town clerk receives a yearly salary, the amount of which clearly is not at issue here since it is regularly published in the annual town report, and therefore freely discoverable by plaintiff. Second, all lawful fees received by the town

clerk belong to the incumbent "unless other provision therefore is made by law." 32 V.S.A. § 1401. Fees are defined as "earnings due for official services, aside from salaries or per diem compensation," 1 V.S.A. § 115, and are collected for official services in amounts established by statute. 32 V.S.A. §§ 1671, 1712, 1751. It is the collection of these fees, and the retention of a part thereof as income, that forms the basis of plaintiff's claim.

■ Plaintiff first argues that Chapter I, Article 6 of the Vermont Constitution, and the so-called Vermont Right to Know Law, 1 V.S.A. §§ 315–320, mandate the disclosures he seeks, presumably in the manner and form that he specifies. We disagree.

Chapter I, Article 6 provides:

> That all power being originally inherent in and co[n]-sequently derived from the people, therefore, all officers of government, whether legislative or executive, are their trustees and servants; and at all times, in a legal way, accountable to them.

Article 6 is but a truism of a republican form of government, and provides no private right of action. The remedy contemplated by it is that of popular election. *Buttolph* v. *Osborn*, 119 Vt. 116, 122–23, 119 A.2d 686, 690 (1956); *Clement* v. *Graham*, 78 Vt. 290, 316–17, 63 A. 146, 154 (1906). The maxim embodied in Article 6 is nevertheless given effect through multifarious legislative enactments, see *Doe* v. *Salmon*, 135 Vt. 443, 445, 378 A.2d 512, 515 (1977), that in the present case require the town clerk to keep full and complete records of official acts, prepare certified copies of official documents, and aid those who require the services of her office, all of which result in fees accruing to the benefit of the town clerk. See, e.g., 32 V.S.A. §§ 1671, 1712, 1751. Of particular importance here is plaintiff's reliance on the Vermont Right to Know Law, 1 V.S.A. §§ 315–320, which states that its purpose is "to provide for free and open examination of [public] records consistent with Chapter I, Article 6 of the Vermont Constitution." 1 V.S.A. § 315.

Under 1 V.S.A. § 316(a), an individual "may inspect or copy any public record or document of a public agency . . . ." A public record or document, with certain enumerated exceptions, includes "all papers, staff reports, individual salaries, salary schedules or any other written or recorded matters produced or acquired in the course of agency business . . . ." 1 V.S.A. § 317(b).

The Office of the Town Clerk is a public agency which acts as a repository for a variety of public records, the filing of which gives rise to legal consequence. See, e.g., 27 V.S.A. § 461 (recording of mortgage discharge); 27 V.S.A. § 341 (recording of deeds); 24 V.S.A. § 1155 (recording of trust mortgage); 9A V.S.A. § 9—401 (recording of finance statement). It also prepares certified copies of official documents, and aids those who require the services of the office. See, e.g., 32 V.S.A. §§ 1671, 1712, 1751. There is, however, to this Court's knowledge no requirement, nor has any been brought to our attention, that the town clerk is under a duty to keep for the public a running tabulation of the number of filings made or certified copies prepared, the amount of fees collected, or the sum she retains as compensation. Therefore, there is no public document or record that compiles the information plaintiff desires.

Plaintiff disingenuously seeks a shortcut solution to this problem by attempting to force defendant to divulge to him information in the nature of that contained in her personal income tax returns, which necessarily must tabulate and disclose those fees that accrue to her benefit as compensation under 32 V.S.A. § 1401. He apparently believes that this is the only manner by which he can obtain disclosure, since, in his view, he was denied access to information on file in the town clerk's office. This belief is not well-founded. First, our examination of the record makes it clear that plaintiff never attempted to enter defendant's office and examine the records that would reflect, in part, the fees collected. Indeed, defendant invited him to inspect "all ledgers, records, memoranda and other documents" on file in her office, but he never accepted. Second, the Vermont Right to Know Law specifically excepts from the public record denotation tax returns and related documents filed with and maintained by the Department of Taxes or submitted by an individual to a public agency, and

personal documents that relate to an individual's personal finances. 1 V.S.A. §§ 317(b)(6)–(7). Therefore, to the extent plaintiff seeks information that is reflected in defendant's personal income tax returns, but which need not be computed or held as a public record, it is exempt from disclosure under 1 V.S.A. § 317(b).

Plaintiff also contends that Chapter II, Section 61 of our Constitution requires the disclosure he seeks. This contention is easily disposed of. That section provides that a public servant "has a right to a reasonable compensation," that whenever a public office "becomes so profitable as to occasion many to apply for it, the profit ought to be lessened by the Legislature," and that any public officer who "shall wittingly and wilfully, take greater fees than the law allows . . . shall ever after" be disqualified from holding state office until restored by legislative act. The remedy envisioned by this section is clear. The legislature established the Office of Town Clerk, sets its fees, and has the power to modify or abolish the powers or fees of the office. Moreover, since the fees are established by statute, unless the town clerk was exacting fees greater than permitted, which is not claimed to be the case here, section 61 is inapposite.

*Affirmed.*