**Michael G. Rowe, Individually and as a Selectman and Citizen of Ludlow, Windsor County, Vermont v. Dean R. Brown, Jr., Ludlow Town Manager, and Planning Board and/or Board of Adjustment of Ludlow, Vt.; Herbert VanGuilder & Town of Ludlow**

[599 A.2d 333]

No. 89-500

Present: **Allen, C.J., Peck, Dooley and Morse, JJ.**

Opinion Filed August 9, 1991

Motion for Reargument Denied September 13, 1991

*Thomas J. McGovern*, Ludlow, for Plaintiff-Appellant.

*Sheilla C. Files* of *Douglas Richards, P.C.*, Springfield, for Defendants-Appellees.

**Peck, J.** Plaintiff appeals from a superior court dismissal of his action for damages pursuant to 42 U.S.C. § 1983, the Vermont Constitution and the Vermont Open Meeting statute, 1 V.S.A. §§ 311–314. Plaintiff alleged that he was injured when defendants improperly excluded him from various municipal meetings in Ludlow. We reverse with respect to plaintiff's § 1983 claim and affirm with respect to all other claims.

The complaint alleged that plaintiff was excluded from meetings of the Ludlow Board of Selectmen, the Planning Board,

and the Board of Adjustment in 1984 and 1985. Plaintiff named town manager and zoning administrator Brown and selectman VanGuilder as defendants, alleging that they "willfully or maliciously and under color of state law" requested. the Planning Board and Board of Adjustment to exclude plaintiff from their meetings. In addition, the complaint alleged that the actions of the defendants violated plaintiff's free speech rights and caused him to suffer fear of bodily harm, personal humiliation and mental anguish. The complaint rested on the Vermont Open Meeting Law and the free speech and due process clauses of the Vermont and the federal constitutions.[1] Plaintiff sought declaratory relief and damages for violation of state statutory and constitutional law and under 42 U.S.C. § 1983 and attorney's fees under 42 U.S.C. § 1988.

In September, 1988, the trial court dismissed plaintiff's federal law claims, holding that plaintiff had no federal first amendment right to attend the meeting in question, nor any due process right to a hearing on his exclusion. Because the court concluded that 42 U.S.C. § 1983 could not be employed to vindicate rights having their source in state law, and because his claim was not supported by federal law, his § 1983 claims were dismissed.

In September, 1989, the trial court dismissed plaintiff's state law claims. The court held that the Open Meeting Law created no private right of action for its enforcement, and that plaintiff had no standing to assert a cause of action under the state constitution. The present appeal followed.

■ The Open Meeting Law on its face creates rights in favor of all members of the public:

All meetings of a public body are declared to be open to the public at all times, except as provided in section 313 of this title [relating to executive sessions]. No resolution, rule, regulation, appointment, or formal action shall be considered binding except as taken or made at such open meet-

---

[1] Plaintiff had earlier filed a complaint seeking redress as a town selectman, but this Court on January 10, 1988, dismissed that claim as moot since plaintiff at that time was no longer a selectman. We granted leave to file an amended complaint, and that amended complaint is the basis for the present action.

ing, except as provided under section 313(a)(2) of this title. A meeting may be conducted by audio conference or other electronic means, as long as the provisions of this subchapter are met.

1 V.S.A. § 312(a). The statute protects the public interest, and its violation offends the public weal.[2] The enforcement provisions of 1 V.S.A. § 314(b) allow the attorney general "or any person aggrieved by a violation of the provisions" of the law to seek injunctive or declaratory relief. Thus, if a Ludlow citizen sought an adjudication that the municipality misconstrued the statutory provision under which it conducted executive sessions (or otherwise violated the Open Meeting Law), the citizen could seek a declaration that the town was in violation of the statute and could enjoin that violation or seek an additional declaration under § 312(a) with respect to action purportedly taken in an unlawfully conducted meeting.

■ ■ Plaintiff's § 1983 claim rests in part on the first amendment to the United States Constitution. Plaintiff argues that because, under the Open Meeting Law, the 1984 and 1985 meetings should have been open, under the first amendment, he could not be arbitrarily excluded. The trial court correctly concluded that § 1983 does not create a remedy for the violation of purely state-created rights, as its manifest purpose is to "create[] a species of liability in favor of persons deprived of their federal civil rights by those wielding state authority." *Felder v. Casey*, 487 U.S. 131, 139 (1988); *Williams v. State*, 156 Vt. 42, 57, 589 A.2d 840, 849 (1990).[3] However, plaintiff had a federal first amendment right not to be excluded from a forum generally held open to the public. See *Perry Education Association v. Perry Local Educators' Association*, 460 U.S. 37, 45 (1983).

---

[2] 1 V.S.A. § 311(a) states:
   (a) In enacting this subchapter, the legislature finds and declares that public commissions, boards and councils and other public agencies in this state exist to aid in the conduct of the people's business and are accountable to them pursuant to Article VI of the Vermont constitution.

[3] When state laws are enforced in a manner that offends rights, privileges, or immunities guaranteed by the federal constitution and enforceable against the states, § 1983 may be invoked in appropriate cases to redress the federal violation. See *Monroe v. Pape*, 365 U.S. 167, 180 (1961).

Plaintiff admits that the relevant 1984 meetings were designated executive meetings. Such meetings, which must be approved by vote and are restricted in nature, are *not* generally held open to the public. See 1 V.S.A. § 313. Thus, plaintiff had no first amendment right to be present. Moreover, the fact that matters may have been considered at the executive sessions which are required under the Open Meeting Law to be considered only at public meetings did not convert those executive sessions into public meetings. Rather, if members of the public body, in violation of 1 V.S.A. § 313, considered at executive sessions matters which should have been considered publicly, they may be liable under the penalty section of the Open Meeting Law, 1 V.S.A. § 314. Plaintiff also alleged in his complaint that he was excluded from a public meeting in July, 1985, however. No facts were developed as to the nature of that meeting; thus, dismissal of the § 1983 claim with respect to the July 1985 meeting was premature.

Plaintiff claims next that the defendants violated his Vermont constitutional right to be present at public meetings. He notes that in passing 1 V.S.A. § 312 the legislature codified the public's constitutional right to attend open meetings. An examination of the legislative history of the statutory scheme in question reveals an intention by the legislature to give meaning to Chapter I, Article 6 and Chapter II, § 8 of the Vermont Constitution. See Open Meetings: Hearings on S.35 Before the Senate General Committee, Forty-Fourth Biennial Session (February 14, 1957) (statement of Senator Fayette).

Regarding Chapter I, Article 6 we have previously stated that it is "a truism of a republican form of government, and provides no private right of action. The remedy contemplated by it is that of popular election." *Welch v. Seery*, 138 Vt. 126, 128, 411 A.2d 1351, 1352 (1980). In *Seery* we explained that for enforcement of the constitutional maxim, other than popular election, plaintiffs must avail themselves of the legislative enactments giving effect to Article 6.[4] Similar analysis is warranted under Chapter II, § 8.

Nor has plaintiff stated a claim for damages under Vermont's Open Meeting Law. Although plaintiff's amended com-

---

[4] In this case the legislative enactment is 1 V.S.A. §§ 311–314.

378

plaint sought declaratory and injunctive relief, it is clear that the issues raised on appeal relate solely to the claim for damages. The Open Meeting Law on its face provides no such damages, and plaintiff offers no theory under which this Court may infer that what are in effect private tort remedies are to be implicitly read into the statute. There is no indication of legislative intent, explicit or implicit, to create a private tort remedy. See *Cort v. Ash*, 422 U.S. 66, 78 (1975). Moreover, it is not "consistent with the underlying purposes of the legislative scheme to imply such a remedy" for violations of the Open Meeting Law. *Id.* The legislature might have considered the positive and negative impacts on public bodies of private damage suits for violations of the Open Meeting Law, but plaintiff does not contend that it did so. It can hardly be assumed that such an important provision of the statute, with such broad possible effects, would have been allowed to become law by implication, particularly in light of the very explicit limitations placed on the nature of private relief under § 314(b).[5]

■ We note that the amended complaint does seek other relief, specifically a judgment "finding that the defendants unlawfully excluded plaintiff from their meetings and . . . prohibiting the defendants from excluding this plaintiff, Michael G. Rowe, from public meetings in the future." This is the kind of relief now available under § 314(b).[6] Thus, the trial court erred in stating that "the given [i.e., the sole] remedy for such a violation is prosecution by the state under 1 V.S.A. § 314." But while we do not require plaintiffs to cite a correct statutory remedy if they clearly and adequately describe the relief sought at trial and if that relief is available, plaintiff at bar has not raised this issue on appeal either by reference to

---

[5] The legislature did consider allowing courts to "assess against the public body reasonable attorney's fees and other litigation costs reasonably incurred in any case under this section in which the complainant ultimately prevails." H.91 § 23(c), Fifty-Ninth Biennial Session, Journal of the House of the State of Vermont at 208 (Biennial Session 1987). This provision, however, was not enacted. If the legislature considered but rejected awarding attorney's fees to injured plaintiffs, it is unlikely that it intended to permit recovery for damages.

[6] Section 314(b) was enacted on June 16, 1988, after plaintiff filed his amended complaint but before the trial court decided the case.

statutory authority or otherwise. On the contrary, he has made it plain in his brief that the issues he wishes to present to this Court are his § 1983 claims and "a United States or Vermont Constitutional cause of action" and that he seeks damages to redress "the injury done to his person."[7] Issues not raised on appeal are deemed waived. See *In re Smith, Bell & Hauck Real Estate, Inc.*, 132 Vt. 295, 300, 318 A.2d 183, 187 (1974).

Finally, plaintiff argues that he suffered "a distinct and palpable injury to himself" and that Chapter 1, Article 4 of the Vermont Constitution requires that he be afforded a remedy.[8] The legislature has provided the remedy of injunctive or declaratory relief to a plaintiff whose public right to open meetings has been violated. Article 4 does not afford a plaintiff who chooses not to pursue those remedies additional private tort remedies. See *Levinsky v. Diamond*, 151 Vt. 178, 197, 559 A.2d 1073, 1086 (1989) (Article 4 has been treated as the Vermont equivalent of the federal due process clause), *overruled on other grounds, Muzzy v. State*, 155 Vt. 279, 280, 583 A.2d 82, 83 (1990).

Consideration of plaintiff's request for attorney's fees is premature at this juncture in the absence of a final determination of his § 1983 claim.

*Reversed with respect to dismissal of plaintiff's § 1983 claim; affirmed in all other respects.*

---

[7] The closest plaintiff comes to raising the question of injunctive and declaratory relief is the prayer in the conclusion of his appellate brief that the trial court "order the defendants to answer the second amended complaint and grant plaintiff any further relief the Court deems just and proper under the circumstances of this case." This kind of omnium gatherum might be said to raise all of the issues arising from the complaint, including injunctive and declaratory relief. But the isolated and oblique reference to the complaint does not suffice to revive what is not discussed in the brief. And in any event this Court is not required to undertake a search for error where it is not adequately briefed or supported by the arguments. *Tallarico v. Brett*, 137 Vt. 52, 61, 400 A.2d 959, 965 (1979).

[8] Article 4 states: "Every person within this state ought to find a certain remedy, by having recourse to the laws, for all injuries or wrongs which he may receive in his person, property or character . . . ."