Farnum v. Prue, No. 388-8-03 Wmcv  (Carroll, J., Dec. 19, 2003)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT       WINDHAM DISTRICT COURT
WINDHAM COUNTY, SS.      DOCKET NO. 388-8-03Wmcv

HENRY L. FARNUM,
  PETITIONER

   V.

SHEILA PRUE, WINDHAM COUNTY SHERIFF,
  RESPONDENT

## ORDER ON APPEAL OF DENIAL OF
## PRODUCTION OF RECORDS

In this matter, petitioner appeals respondent's decision to deny him access to records held by the Windham County Sheriff's Department pursuant to Title 1 V.S.A. §319(a).  In August 2003, petitioner requested records from the Department as follows:

> Specifically, I am requesting a written breakdown of the average hours worked per pay period by employee's (sic) of the agency, between February 1 and July 31...........Specifically what I seek is Employee Name and hours worked per pay period Feb. 01, 2003 to July 31, 2003 or nearest ending fully completed pay period......

See Initial Request dated August 5, 2003, included with filing as Appendix A.  Responded, via letter dated August 11, 2003 denied access to the records, indicating that they were not public records as defined by statute and were "personal documents that relate to an individual." Respondent suggested that petitioner attempt to get signed releases from the individual employees so that the records could be provided.

Thereafter, petitioner made a second request for the records, which was again denied by respondent. Not satisfied with this result, petitioner filed an appeal with this Court on August 28, 2003. The Court convened a status conference in the matter and the parties agreed that the matter could be decided by the Court after considering legal memoranda filed by the parties. Said filings have been made in a timely fashion.

Petitioner argues that the time sheets which he seeks are not protected by the exceptions to public disclosure found in Title 1 V.S.A. §317(c). Respondent asserts that the records are "personal documents relating to an individual....." and are therefore protected from disclosure by §317(c)(7).

The Public Records Act is to be liberally construed, "the public interest clearly favors the right of access to public documents and public records," and "the exceptions listed in §317(b) should be construed strictly against the custodians of the records and any doubts should be resolved in favor of disclosure." Trombley v. Bellows Falls Union High School, 160 Vt. 101, 106-107 (1993)[citing Caledonian-Record Publishing Co., v. Walton, 154 Vt. 15, 20 (1990)].[1] Respondent bears the burden of showing that a record fits within an exception and it must discharge this burden by a specific factual showing not merely by conclusory claims. Id. at 109.

Respondent contends that the time sheets of the employees of the Windham County Sheriff's Department are "personal documents" pursuant to §317(c)(7) because they are "maintained in a payroll database at the Department of each of the approximate 45 Department

---

[1]Since Trombley was decided, the statute in question has been amended to placed the exceptions listed in Section 317 in paragraph (c), rather than paragraph (b).

employees....Only three individuals within the Department - Sheriff Pure, Captain John Melvin, and the Payroll Clerk - have access to the payroll database...The public disclosure of these personal documents could constitute an invasion of the employees' personal privacy." See Respondent's Opposition to Petition for Appeal, at p. 4. Respondent does not disagree, however, that the Windham County Sheriff's Department is a public agency thereby making its records . subject to the Act. Id. at 3.[2]

The Court is faced with defining "personal documents." This term is vague. Trombley, 160 Vt. at 109. The Vermont Supreme Court rejected the argument that this term includes "any document about specific people" because such definition would "consume the disclosure rule." Id. In defining the exception, the Court looked to the intent of the legislature and construed the term in a limited way "to apply only when the privacy of the individual is involved.....Thus, it covers personal documents only if they reveal 'intimate details of a person's life, including any information that might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends.'" Id. at 110 [citing Young v. Rice, 826 S.W.2d 252, 255 (Ark. 1992)]. Respondent bears the burden of showing that the time sheets are "personal" within the above definition.

The Court cannot conclude at this time that the time sheets in question, which reveal hours a public employee has worked for a given period of time, would reveal intimate details about that employee or information which may subject that employee to embarrassment, harassment or disgrace. The time sheet reflecting the hours that an employee has worked is

---

[2]Although the respondent refers to the *Windsor* County Sheriff's Department in the response, the Court is certain this was in error and respondent was referring to the *Windham*

3

clearly not the type of intimate information which the exceptions in the Act intend to protect as personal. Applying the Vermont Supreme Court's definition of "personal documents," the Court is satisfied that production of the time sheets in question would not violate §317(c)(7).

In addition, Title 1 V.S.A. §317(b) specifically indicates that "Individual salaries and benefits of and salary schedules relating to elected or appointed officials and employees of public agencies shall not be exempt from public inspection and copying." Those employees whose time sheets petitioner requests are all elected or appointed officials. See Title 24 V.S.A. §§ 290(a) and 307(a). Therefore, since the statute requires disclosure of salaries and salary schedules of these employees and since these salaries and salary schedules are based, in most cases, upon hours worked, it is logical to require disclosure of the time sheets. It would be illogical for the Act to allow for the disclosure of how much an employee earns, yet not allow for the disclosure of the underlying hours supporting those earnings, which are far less personal than salary itself. Respondent is correct, however, that she is not responsible for *generating* any documents which do not already exist. For instance, respondent does not bear the burden of averaging hours, providing breakdowns, or providing compilations of data which may have been requested by petitioner. Welch v. Seery, 138 Vt. 126, 129 (1980).

Further, respondent requests that his costs associated with this appeal be paid by respondent. The Court *may* assess costs against a public agency who has refused to produce records later ordered by a Superior Court to be produced. Title 1 V.S.A. §319(d). In making this determination, the Court considers whether the agency's decision appears to be arbitrary or retaliatory in nature. In this case, there is no evidence from which the Court can determine that

County Sheriff's Department.

4

respondent's actions were motivated by bad faith or otherwise. In fact, respondent has been assisted by an attorney who is presumably giving her advice on this matter. Because there does not appear to be any specific precedent relating to the production of time sheets, the argument made to the Court is this case appears to have been made in good faith. The Court declines to award costs to petitioner.

WHEREFORE, the Court hereby ORDERS that respondent produce the time sheets requested forthwith.

Dated:

_____
Karen R. Carroll
Presiding Judge