Patricia Ryan BERLICKIJ,
Plaintiff–Appellant,

v.

TOWN OF CASTLETON, Patrick Eagan, Charles Brown, Scott Lobdell, William Doran, Elizabeth Shepard, William Gilbert, Holly Hitchcock, Susan Steen and Robert Marcille, Defendants–Appellees.

Docket No. 04–5369–CV.

United States Court of Appeals,
Second Circuit.

Sept. 2, 2005.

James A. Dumont, Bristol, Vermont, for Plaintiff–Appellant.

Joseph A. Farnham, Burlington, Vermont, for Defendants–Appellees.

Present: WALKER, Chief Judge, CALABRESI, and STRAUB, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be and it hereby is **AFFIRMED.**

Plaintiff-appellant Patricia Ryan Berlickij appeals from the June 8, 2004, decision of the United States District Court for the District of Vermont (William K. Sessions, *Chief Judge* ) finding that her First Amendment rights were not violated and dismissing her claims under 42 U.S.C. § 1983. Berlickij argues that (1) her First Amendment rights were violated when she was excluded from a March 9, 2000, executive session meeting between the Selectboard and the Planning Commission of the Town of Castleton; and (2) the district court erred in concluding that there were no secret meetings of the Selectboard in violation of Vermont's Open Meeting law prior to March 9, 2000. Familiarity with the facts and procedural history is assumed. We affirm the district court's ruling.

Berlickij occupied the positions of Zoning Administrator and Assessor for the Town of Castleton from 1988 to 2000. In Castleton, the Planning Commission recommends individuals for these positions to the Selectboard, and the Selectboard makes the final appointment. On March 9, 2000, the Selectboard held an executive session, which was closed to the public, in which the Selectboard informed the Planning Commission that it supported combining the position of Zoning Administrator with that of Town Manager for budgetary purposes. After several public meetings where the issue was extensively debated, the Selectboard voted to consolidate the Zoning Administrator and Town Manager positions and to eliminate the Assessor position. The district court found that the March 9, 2000, executive session meeting violated Vermont's Open Meeting Law, Vt. Stat. Ann. tit. 1 §§ 310–314, because it considered issues inappropriate for executive sessions and because it took formal or binding action while in executive session. Accordingly, the district court granted Berlickij declaratory judgement on this issue. The district court also held that Berlickij's First Amendment rights were not violated because executive sessions of the Selectboard are not open fora, and that, even had a First Amendment violation occurred, the town cannot be held liable because Berlickij has failed to establish that Castleton has a policy or custom of unconstitutional conduct. Finally, the district court found that the facts of the case did not establish that the Selectboard had held secret meetings prior to March 9, 2000.

On an appeal from a bench trial, we review the district court's factual findings for clear error and its legal conclusions *de novo. Rose v. AmSouth Bank of Fla.,* 391 F.3d 63, 65 (2d Cir.2004). We also review the district court's interpretations and application of state law *de novo. Phansalkar v. Andersen Weinroth & Co.,* 344 F.3d 184, 199 (2d Cir.2003). Executive sessions are not public fora, and therefore plaintiff-appellant has no First Amendment right to attend such meetings. Vt. Stat. Ann. tit. 1, § 313(b); *see also Minn. State Bd. of Community Colleges v. Knight,* 465 U.S. 271, 284–85, 104 S.Ct. 1058, 79 L.Ed.2d 299 (1984) (" 'Plainly, public bodies may confine their meetings to specified subject matter and may hold nonpublic sessions to transact business.' ... Nothing in the

First Amendment or in this Court's case law interpreting it suggests that the rights to speak, associate, and petition require government policymakers to listen or respond to an individuals' communications on public issues." (quoting *Madison Joint Sch. Dist. No. 8 v. Wis. Employee Relations Comm'n*, 429 U.S. 167, 175 n. 8, 97 S.Ct. 421, 50 L.Ed.2d 376 (1976))). Therefore, Berlickij's exclusion from the March 9, 2000 meeting was unlawful only according to state law, not according to the federal Constitution. Violations of state law that do not rise to the level of constitutional violations cannot form the basis of a federal claim under 42 U.S.C. § 1983. *See Cook v. Sheldon*, 41 F.3d 73, 77 (2d Cir. 1994); *see also Rowe v. Brown*, 157 Vt. 373, 376, 599 A.2d 333 (1991). Accordingly, Berlickij's First Amendment rights were not violated.

Berlickij presents no direct evidence to support her claim that secret meetings had taken place prior to March 9, 2000, and there is nothing in the record to indicate that the district court was clearly erroneous in determining that no such meetings had, in fact, taken place.

We have carefully considered Berlickij's remaining arguments and find them to be without merit.

For the reasons set forth above, the decision of the District Court of Vermont is hereby **AFFIRMED**.