Moorcroft v. Town of Brookfield, No. 147-7-10 Oecv (Eaton, J., Nov. 8, 2011)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT

SUPERIOR COURT
Orange Unit

CIVIL DIVISION
Docket No. 147-7-10 Oecv

James Moorcroft
     Plaintiff

v.

Town of Brookfield
     Defendant

Findings of Fact, Conclusions of Law, and Order

Plaintiff James Moorcroft contends that the Town of Brookfield Board of Abatement violated the state open-meeting law by (1) deliberating behind closed doors before issuing a decision on his request for abatement of property taxes and by (2) receiving testimony from the town listers during the closed deliberative session. A civil trial was held on September 19, 2011, at which Mr. Moorcroft appeared and represented himself. Attorney Pamela Stafford appeared on behalf of defendant Town of Brookfield.

Findings of Fact

At trial, Mr. Moorcroft testified that the board took up his request for property-tax abatement for the first time at a public hearing that was held on March 22, 2010. During that hearing, Mr. Moorcroft presented information relating to his abatement request including a packet of written materials that he brought with him to the hearing. At the end of the allotted time, the hearing was continued to the following week because Mr. Moorcroft was not done presenting his case.

Mr. Moorcroft presented more information during the second hearing, held on March 29, 2010. He testified that, at the conclusion of his presentation, the town board adjourned into an "executive session" without first requiring the town listers to present their case in public. The minutes from this meeting support the assertion that the board adjourned without requiring the listers to testify in public. The minutes reflect only that Mr. Moorcroft spoke and that he was questioned by members of the board. The minutes do not reflect that the listers presented any testimony or evidence during the public portion of the hearing.

The town board then met on two more subsequent occasions to deliberate upon plaintiff's request for property-tax abatement. Various explanations were given as to whether these were "executive sessions" or "deliberative sessions," but either way, Mr. Moorcroft was excluded from the sessions. A written decision was eventually issued denying plaintiff's request for tax abatement.

It was not clear at trial whether the board considered any evidence during its deliberative sessions other than what was presented by plaintiff during the public hearings held on March 22nd and March 29th. For this reason, the court kept the record open to allow the town's attorney to meet with the board for the purpose of reconstructing what evidence was considered during the board's

deliberative sessions. After a special meeting held for that purpose, the town's attorney filed a response with the court that reflected the following facts: (1) Town Listers Stuart Edson and David Alexander "provided oral testimony" to the board but did not provide any written materials to be considered by the board or otherwise participate in the deliberations; and (2) most of the documents relied on by the board were contained in plaintiff's packet of materials, but in any event the documents were "public record[s]."

Conclusions of Law

The first question presented is whether a town board of abatement may meet behind closed doors at any time. The general principle established by the state constitution is that public officials are "trustees and servants" of the people who are "at all times, in a legal way, accountable to them." Vt. Const., ch. I, art. 6. This constitutional principle is given effect in the requirement of the state open-meeting law that "[a]ll meetings of a public body" should be "open to the public at all times" subject only to a limited number of statutory exceptions. 1 V.S.A. § 312(a); *Rowe v. Brown*, 157 Vt. 373, 377 (1991); Peter R. Teachout, *'Trustees and Servants': Government Accountability in Early Vermont*, 31 Vt. L. Rev. 857, 859 (Summer 2007).

One of the enumerated statutory exceptions is that a town board may deliberate in private after hearing the evidence presented during a "quasi-judicial" proceeding. 1 V.S.A. § 312(e). A "quasi-judicial" proceeding is one in which the town board hears evidence and determines the rights of one or more specific persons who have been granted "party status," as distinguished from ordinary selectboard meetings in which the town selectboard establishes town-wide policies or otherwise takes action that affects the rights of many or all of the persons within the town. A classic example of the distinction is that the town board acts in its ordinary capacity when it adopts town-wide zoning ordinances, but acts in its quasi-judicial capacity when it decides whether a zoning permit or a variance should be granted to a particular applicant. *Thompson v. Smith*, 119 Vt. 488, 507–08 (1957); *Kennedy v. Upper Milford Township Zoning Hrg. Bd.*, 834 A.2d 1104, 1116–18 (Pa. 2003).

Section 312(e) of the state open-meeting law explains that a town board may deliberate privately "in connection with a quasi-judicial proceeding," but § 310 clarifies that there are important procedural guidelines that must be followed. First and foremost is that the hearing must be "conducted in such a way that all parties have [an] opportunity to present evidence and to cross-examine witnesses presented by other parties." 1 V.S.A. § 310(5)(B). In addition, after hearing all of the evidence, the town board may meet privately for the purposes of "weighing, examining and discussing the reasons for and against an act or decision," but the board may not take additional evidence or hear additional arguments after commencing its deliberations. *Id*. § 310(1). In other words, the rules are that a town board may deliberate privately in a quasi-judicial proceeding but that (1) all evidence must be presented during the public portion of the hearing; (2) all parties must be offered an opportunity to comment upon the reliability of the evidence offered by the other party; and (3) the evidentiary record must be closed before the board begins its deliberations.

An abatement hearing is quasi-judicial in character because the board is charged with determining the amount of taxes that are due from one particular taxpayer in one particular year. 24 V.S.A. § 1535; *Aiken v. Malloy*, 132 Vt. 200, 215 (1974). As such, it was not an open-meeting violation in this case for the board to deliberate privately before issuing a written decision on taxpayer's request for abatement. Nor was it material that the board referred to its private deliberations at the time as an "executive session." However characterized, the board was authorized

2

by § 312(e) of the open-meeting law to discuss privately whether to grant plaintiff's request for tax abatement.

It was an open-meeting violation, however, for the board to receive testimony from the listers during its private deliberations. It is apparent from the meeting minutes that Mr. Edson and Mr. Alexander provided testimony to the board "on the town's behalf" in their role as listers, and it is furthermore apparent that the listers did not provide this testimony during the public portion of the hearing—at least there is no record that they testified in public. Nor is there any evidence that Mr. Moorcroft had an opportunity to cross-examine the listers or to comment upon the evidence they provided. It was error for the board to receive additional testimony from the listers after closing the hearing and commencing its private deliberations. 1 V.S.A. § 310(1).

It is not entirely clear whether the board also considered public records that were not introduced into evidence at the hearing, but if it did, this was also error. The open-meeting law does not permit town boards to take any additional evidence after deliberations have begun, even if those records are otherwise available to the public. *Id.* If a town record is considered by the board as evidence of a fact that is relevant to the abatement decision, then it is "evidence" that must be presented during the hearing itself. Section 310 of the open-meeting law is very clear on this point: all evidence must be presented during the hearing, and no additional evidence may be received after the hearing is closed and private deliberations have commenced, regardless of whether it is a matter of public record or not.

It is not necessary to decide whether the board in fact considered public records in this case because Mr. Moorcroft has proven by a preponderance of the evidence that the town board of abatement violated the open-meeting law by receiving testimony from the town listers during their private deliberations. There is no evidence that any open-meeting violations in this case were intentional. The appropriate remedies for that violation are to vacate the town's denial of plaintiff's abatement request and to order the town to conduct a new abatement hearing that complies with the requirements of the state open-meeting law. 1 V.S.A. § 314(b).

## Order

Plaintiff James Moorcroft is entitled to (1) a declaration that defendant Town of Brookfield violated the open-meeting law by receiving additional evidence during its deliberative session and (2) an order requiring the town to conduct a new abatement hearing that complies with the requirements of the state open-meeting law. A separate final judgment order shall be issued.

Dated at Chelsea, Vermont this _____ day of November, 2011.

_____
Harold E. Eaton, Jr.
Superior Court Judge

_____
Joyce E. McKeeman
Assistant Judge

_____

3

Victoria N. Weiss
Assistant Judge