## State of Vermont
### Superior Court—Environmental Division

==================================================================
# E N T R Y  R E G A R D I N G  M O T I O N
==================================================================

**In re Bennington Wal-Mart Demolition/Constr. Permit**             **Docket No. 158-10-11 Vtec**
**(Appeal from District #7 Environmental Commission Determination)**

Title: Motion for Interlocutory Appeal (Filing Nos. 5 & 6)

Filed: August 31, 2012

Filed By: Interested Person Natural Resources Board/LU; Appellant Vermont Natural
 Resources Council, Appellant Citizens for Greater Bennington

Response filed: None


 _X_ Granted                    ___ Denied                    ___ Other

Currently before us is a joint motion filed by the Vermont Natural Resources Council (VNRC) and Citizens for Greater Bennington (CFGB) requesting permission to file an interlocutory appeal of our April 24, 2012 decision pursuant to Rule 5(b) of the Vermont Rules of Appellate Procedure. The Land Use Panel of the Natural Resources Board (the NRB) also filed a motion requesting permission to file an interlocutory appeal. Because both motions ask to appeal the same issue, we will address them together.

In our April 24 decision, we denied BLS Bennington LC and Wal-Mart Real Estate Business Trust's motion to dismiss an appeal by VNRC and CFGB; we granted VNRC and CFGB's motion for party status with respect to several Act 250 criteria (the District 8 Environmental Commission (the Commission) denied party status); and we concluded that we need not remand the matter back to the Commission. The NRB filed a motion to reconsider our determination to not remand the matter. We denied that motion on August 17, 2012. VNRC, CFGB, and the NRB take issue with our holding that remand to the Commission is not necessary in this case, and they request permission to appeal that issue to the Vermont Supreme Court.

Under V.R.A.P. 5(b), we are to grant a party permission to appeal an interlocutory order of this Court if we reach three conclusions: (1) the order "involves a controlling question of law;" (2) the question of law is one in which "there is substantial ground for difference of opinion;" and (3) "an immediate appeal may materially advance the termination of the litigation."

Although the order to be appealed must meet all three criteria, the criteria are to be treated as the statutory "equivalent of a direction to consider the probable gains and losses of immediate appeal." In re Pyramid Co. of Burlington, 141 Vt. 294, 302, (1982) (internal citation omitted). For the reasons stated below, we conclude that an interlocutory appeal here would be appropriate, and therefore, we **GRANT** permission to file an interlocutory appeal. Because it is within our discretion to certify the controlling questions of law, we will do so at the outset to help clarify our analysis. Brown v. Tatro, 134 Vt. 248, 249-50 (1976).

The issue for the Supreme Court to decide is:

> *In a de novo proceeding, when the Environmental Division grants party status to a litigant who was denied party status by the District Commission in the proceeding below, may the Environmental Division, in its discretion and in the interest of avoiding unnecessary delay in the land use permitting process, decline to remand the matter and instead hear the substantive issues that the litigant raises?*

Turning now to the criteria required for this Court to grant an interlocutory appeal, we begin by determining whether the question we certify is a controlling question of law. A controlling question of law is one that deals solely with substantive issues of law. See Pyramid Co., 141 Vt. at 303. An answer to a controlling question of law will, at a minimum, have an immediate effect on the course of litigation and save resources to either the court system or the litigants. Id. In this case, the certified question above deals exclusively with the subject matter jurisdiction of this Court. It deals with a substantive issue of law: whether the Environmental Division may overturn a denial of party status and subsequently address the substantive issues that the new party raises without remanding the issue to the tribunal below. Furthermore, if the Supreme Court answers the question in the affirmative, litigants will be spared the time and expense of a de novo hearing before the Environmental Division in advance of remand to the tribunal below. Therefore, we conclude that this interlocutory appeal involves a controlling question of law.

The next question is whether there is substantial ground for difference of opinion regarding the question. Although we are confident in the soundness of the reasoning set forth in our August 17, 2012 decision not to remand this case to the Commission, VNRC and CFGB and the NRB raise a number of arguments in their motions suggesting that remand is necessary. Based on the legal analysis in the party filings, we conclude that the issue is one about which reasonable appellate judges could have differing opinions. See Pyramid Co., 141 Vt. at 307.

The final issue is whether an immediate appeal will help to expedite the ultimate termination of the case. Here, there is little doubt that an immediate and final decision on the certified question will fulfill this condition. If we deny the motion for interlocutory appeal and hear the case on its merits, the decision will likely be appealed to the Vermont Supreme Court. If the Supreme Court then finds that we were required to remand the case rather than hearing it on its merits, then our merits hearing, and all of the associated proceedings, will have been for naught. All of the litigation will ultimately have to be repeated—first before the Commission and then before the Environmental Division on appeal. Alternatively, if the Supreme Court affirms our decision, then we can proceed to hear the case on its merits, without remand, and resolve the matter in a "summary and expedited proceeding." V.R.E.C.P. 1. Therefore, we conclude that an immediate decision on this matter would assist a timely "termination of the litigation." V.R.A.P. 5(b).

Based on our reasoning above, we conclude that the probable gains of an immediate appeal greatly outweigh the potential costs. Accordingly, we **GRANT** VNRC and CFGB's joint motion and the NRB's motion for permission to file an interlocutory appeal. We also **CERTIFY** the question, as stated above, to the Vermont Supreme Court.

_____            _____September 24, 2012_____
        Thomas G. Walsh, Judge                                            Date

==============================================================================

Date copies sent: _____                                    Clerk's Initials: _____

Copies sent to:

  Attorneys  Paul Brierre, Jamey Fidel for Appellant Vt. Natural Resources Council and Appellant Citizens for Greater Bennington

  Attorney David Grayck for Cross Appellants Down to Earth Golf Course Const. dba Mt. Anthony Country Club, David Griffin, and Maru Leon Griffin

  Attorney  Catherine Gjessing William H. Rice for Interested Person Agency of Natural Resources

  Attorney Robert E. Woolmington for Interested Person Town of Bennington

  Attorney John H. Hasen for Interested Person Natural Resources Board/LU Panel

  Attorney Alan B. George for Appellee BLS Bennington L.C.