### Harley Walter Kidder v. Richard C. Thomas

[365 A.2d 251]

No. 287-76

Present: **Barney, C.J., Daley, Larrow, and Billings, JJ. and Shangraw, C.J. (Ret.), Specially Assigned**

Opinion Filed October 22, 1976

*Peter I. Diamondstone,* Brattleboro, *pro se.*

*Robert H. Gibson,* Montpelier, for Defendant.

**Per Curiam.** This case involves the validity of certificates of nomination for elective office filed with the Secretary of State by different groups, purporting to represent nomination by convention of the "Independent Vermonters' Party". Appellants here seek to appeal an affirmation by a superior judge

of the decisions of the Secretary of State invalidating their certificate and validating that of another group. Their action before the superior judge took the form of a declaratory judgment complaint, notwithstanding the provisions of 17 V.S.A. § 581, providing a procedure for securing "an order" from a superior judge.

Because of the time limitations involved in contesting certificates of nomination, it is apparent from the statute that the Legislature contemplated an expedited procedure for early final determination of matters of this type.

The provisions of the statute (17 V.S.A. § 581) are explicit:

> The officer with whom the original certificate was filed in the first instance, shall pass upon the validity of such objections and his decision shall be final, unless an order is made by a superior judge pointing out the defect in the certificate of nomination, and the provisions of sections 511 and 512 of this title shall apply to such fault.

■ It is apparent from the above wording that this is the procedure contemplated for contesting certificates of nomination and that even if we treat the petition for declaratory judgment as an application for order of a superior judge, under the statute there is still no appeal available from the decision below.

■ The Legislature has power to define and designate the manner of, and the forum for, appellate review, or in the absence of any constitutional requirement, to deny it. *In re Appeal of Rhodes,* 131 Vt. 308, 310, 305 A.2d 591 (1973).

*Appeal dismissed.*