## Kenneth Garzo v. Stowe Board of Adjustment, Lee Darrow, Administrative Officer of the Town of Stowe Board of Adjustment, and R. Edwin Jacobsen

[476 A.2d 125]

No. 83-013

Present: Hill, Underwood, Peck and Gibson, JJ., and Barney, C.J. (Ret.), Specially Assigned

Opinion Filed April 6, 1984

*Valsangiacomo, Detora & McQuesten, P.C.,* Barre, for Plaintiff-Appellant.

*Lisman & Lisman,* Burlington, for Defendant-Appellee Jacobsen.

Peck, J. Plaintiff, Kenneth Garzo, brought suit for an order in the nature of mandamus to compel defendants Stowe Board of Adjustment and Lee Darrow, the board's administrative officer, to enforce a zoning bylaw against defendant R. Edwin Jacobsen. The complaint alleged that the board granted defendant Jacobsen a conditional use permit to operate a budget family restaurant within the town of Stowe. The condition, imposed pursuant to a zoning bylaw, required all food and beverages to be served to customers seated at tables or counters either inside or outside the restaurant building. The complaint further alleged that defendant Jacobsen later violated the condition, and now contemplates sale of the restaurant to a nationally based fast-food chain that intends to continue the violation. The Stowe Board of Adjustment and Lee Darrow, its administrative officer, were joined as defendants for their alleged failure to abate the violation.

Upon motions by the board and its administrative officer, the Lamoille Superior Court dismissed the action. The court held that plaintiff was not an "interested person," within the meaning of 24 V.S.A. § 4464(b), and was therefore without standing to compel enforcement of the bylaw.

On appeal, plaintiff seeks to distinguish the statutory standing requirements for zoning appeals from the standing requirements for challenges of zoning board decisions by proceedings in the nature of mandamus within the original jurisdiction of the superior court. Our review of the law reveals no such distinction. Accordingly, we affirm.

Although the formal writ of mandamus was abolished by V.R.C.P. 81(b), relief in the nature of mandamus

is still available under V.R.C.P. 75. It is axiomatic that mandamus will lie only for the enforcement of official ministerial duties and not for the review of acts which involve the exercise of judgment or discretion. *Bargman* v. *Brewer,* 142 Vt. 367, 369, 454 A.2d 1253, 1255 (1983); *Roy* v. *Farr,* 128 Vt. 30, 34, 258 A.2d 799, 802 (1969). Moreover, the plaintiff must have a clear legal right to the performance of the duty, for which there is no other adequate remedy. *Bargman* v. *Brewer, supra,* at 369, 454 A.2d at 1255; *Brewster* v. *Mayor of Rutland,* 128 Vt. 437, 439, 266 A.2d 428, 429 (1970).

Plaintiff argues that because of 24 V.S.A. §§ 4442(a) and 4445, defendant Darrow, as the board's administrative officer, was under a mandatory duty to enforce the bylaw at issue in this case. Section 4442(a) provides in part that "[t]he administrative officer shall administer the bylaws literally, and shall not have the power to permit any land development which is not in conformance with such bylaws." Section 4445 provides:

> If any street, building, structure, or land is or is proposed to be erected, constructed, reconstructed, altered, converted, maintained or used in violation of any by-law adopted under [Chapter 117] the administrative officer shall institute in the name of the municipality any appropriate action . . . to prevent, restrain, correct or abate such construction or use . . . .

In view of this Court's pronouncements that zoning bylaws are enacted to promote the orderly physical development of the community, *Town of Bennington* v. *Hanson-Walbridge Funeral Home, Inc.,* 139 Vt. 288, 295, 427 A.2d 365, 370 (1981), to enure to the general good and to ensure reasonable neighborhood uniformity, *DeWitt* v. *Town of Brattleboro Zoning Board of Adjustment,* 128 Vt. 313, 319, 262 A.2d 472, 476 (1970), plaintiff asserts that his right to compel the zoning officer's statutory duties arises out of his status as a resident and taxpayer of the town. Plaintiff elevates those duties to that of public rights, rather than private, for which any citizen may seek redress. Indeed, in a case decided early in the present century, this Court held:

> when the question is one of public right and the object of the mandamus is to procure the enforcement of a

.·public duty, the people are regarded as the real party in interest, and the relator at whose instigation the proceedings are instituted need not show that he has any legal or special interest in the result, it being sufficient to show that he is a citizen and as such interested in the execution of the laws.

*Clement* v. *Graham,* 78 Vt. 290, 320, 63 A. 146, 154 (1906) (quoting J. High, Extraordinary Legal Remedies § 431 (1874)).

*Clement, supra,* should not be read to dispense with the requirement that plaintiff have a clear legal right to the performance of the duty in question. *Bargman* v. *Brewer, supra.* The petitioner in *Clement* sought a mandamus to compel the auditor of accounts to exhibit vouchers for state appropriations for public inspection. The Court found that citizens and taxpayers have a common law right, subject to "reasonable rules and regulations," to inspect public records and documents. *Clement, supra,* at 318, 63 A. at 154.

 The public's right to inspect public documents is confirmed by statute, but the legislature may limit that right when it is deemed appropriate. *Matte* v. *City of Winooski,* 129 Vt. 61, 63, 271 A.2d 830, 831 (1970); see *Doe* v. *Salmon,* 135 Vt. 443, 445–46, 378 A.2d 512, 515 (1977). *Clement* serves only to illustrate the distinction between the enforcement of private rights through mandamus, for which special interests or damages must be shown, and the enforcement of public rights, for which no special damage to plaintiff need be shown. See generally 2 J. Metzenbaum, Law of Zoning, Chapter X-a, at 1020–29 (2d ed. 1955); 52 Am. Jur. 2d *Mandamus* §§ 389–90. In *Clement,* as in all other instances cited by plaintiff where this Court has allowed mandamus, a clear legal right existed which was not limited or preempted by legislative enactment. The present case, however, stands on a different footing.

 Section 4473 of Title 24 unequivocally states that: "[i]t is the purpose of [Chapter 117] to provide for review of *all questions arising out of or with respect to* the implementation by· a· municipality of this chapter." (Emphasis added.) Subject to constitutional limitations, it is within the

legislature's power to provide for such review. Cf. *Kidder* v. *Thomas*, 134 Vt. 527, 528, 365 A.2d 251, 252 (1976) (legislature has power to limit manner and forum for appellate review). Therefore, standing for review of all questions arising out of the administration of zoning laws is necessarily governed by 24 V.S.A. § 4464(b), which limits review to those who qualify as "interested persons" under the statute. The legislature has thus provided the exclusive definition of who has a "clear legal right," *Bargman* v. *Brewer, supra,* to compel the enforcement of zoning bylaws. Accordingly, proceedings in mandamus are not distinguished from, but are in fact controlled by, the standing criteria of § 4464(b). We must observe the legislature's restrictions on the legal relief available in zoning cases, *Fisher* v. *Town of Marlboro*, 131 Vt. 534, 535, 310 A.2d 119, 119 (1973), and may not judicially expand the class of persons entitled to such review.

██ Throughout this action, plaintiff has conceded that he was not an "interested person" within the meaning of § 4464(b). The right he seeks to enforce is therefore legislatively foreclosed. There being no clear legal right to the relief requested, plaintiff's application for mandamus was properly denied and the judgment is affirmed.

*Affirmed.*