STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| | } | |
| In re: Town Meadow, LLC, | } | |
| and Yandow-Dousevicz Final Plan | } | Docket No. 110-5-06 Vtec |
| (Appeal of Post) | } | |
| | } | |

Decision and Order on Motion to Dismiss for Lack of Party Status

Appellant Mary E. Post appealed from a decision of the Planning Commission of the Town of Essex granting final plan approval to Appellee-Applicants Yandow-Dousevicz and Town Meadow LLC's proposed 48-unit "congregate housing facility" located at 9 Center Road in the Town's Mixed Use Commercial zoning district. Appellant has appeared and represents herself; Appellee-Applicants are represented by William L. Gagnon, Esq.; and the Town of Essex is represented by William F. Ellis, Esq. The Town joined in Appellee-Applicants' motion to dismiss but did not file any separate memorandum.

Appellee-Applicants moved to dismiss the appeal on the ground that Appellant lacks standing under 24 V.S.A. §§4471 and 4465; the Court held an evidentiary hearing as to Appellant's standing, followed by the submission of memoranda of law.

This Court must adhere strictly to the statutory standing requirements. In re Gulli, 174 Vt. 580, 582 (unnumbered footnote) (2002) (mem.). That is, we are prohibited from judicially expanding the class of persons entitled to appeal from municipal decisions, as provided in the state zoning statute. Garzo v. Stowe Board of Adjustment, 144 Vt. 298, 302 (1984).

1

Under the current state zoning statute, an appeal to this Court may be brought by an "interested person who has participated" in the regulatory proceeding that resulted in the decision from which the appeal is taken. 24 V.S.A. §4471. Participation is defined in that section; the parties do not dispute that Ms. Post participated adequately to meet the participation requirements of §4471. However, as discussed below, she does not qualify as an "interested person" under either of the applicable definitions in 24 V.S.A. §4465(b): subsection 4465(b)(3) or (b)(4).

Section 4465(b)(3) is applicable to individual appellants, and sets a different standard than that applicable to a group of ten or more citizens allowed to bring an appeal under §4465(b)(4). As Ms. Post is the only appellant in this matter, we must determine whether she qualifies as an interested person under the section for individual appellants: §4465(b)(3).[1] Ms. Post fails to qualify under this section because she has not shown that her property is in the "immediate neighborhood" of the proposed project, and because she also has not demonstrated a "physical or environmental impact" on her interest under the criteria applicable to the final plan approval for this 48-unit congregate housing project.

Ms. Post's property is located at 1 Cindy Lane; the proposed project will be located at 16 Carmichael Street,[2] off Essex Way near Route 15. The route from the property to Ms. Post's house is 2.13 miles by road over Essex Way to Center Road (Route 15) a major arterial highway, through Essex Center onto the Jericho Road (continuation of Route 15),

---

[1]  A person owning or occupying property in the immediate neighborhood of a property that is the subject of any decision or act taken under this chapter; who can demonstrate a physical or environmental impact on the person's interest under the criteria reviewed, and who alleges that the decision or act, if confirmed, will not be in accord with the policies, purposes, or terms of the plan or bylaw of that municipality.

[2]  The project originally had a street address on Center Road but was assigned a Carmichael Street address in connection with these proceedings.

onto Sand Hill Road, to Tanglewood Drive and Cindy Lane. The project property is nine-tenths of a mile from Ms. Post's property 'as the crow flies;' located across what appears from the topographical maps and aerial photographs in evidence to be a wide forested area surrounding a steep ravine down to and back up from a stream or stream bed. Ms. Post's property is located at approximately the same elevation as the project property. The proposed project will not be visible, audible or otherwise perceptible from Ms. Post's property.

The determination of whether an appellant's property is in the "immediate neighborhood" of a project does not depend on distance alone. The Court must consider "the physical environment surrounding the project property and its nexus" to the particular appellant and her property. See, e.g., In re: Boswick Road Two-Lot Subdivision (Appeal of Senesac), Docket No. 211-10-05 Vtec (Vt. Envtl Ct., Feb. 24, 2006); In re: Appeals of National Realty & Development Corp., Docket Nos. 22-2-03 Vtec, 61-4-03 Vtec, 68-5-03 Vtec, and 114-7-03 Vtec (Vt. Envtl. Ct., July 25, 2003); In re: Appeal of Brodhead, Docket No. E95-057 (Vt. Envtl. Ct., Aug. 3, 1995).

While there will be some use of Route 15 associated with the traffic from the proposed project, as the project is planned to have eighty-nine parking spaces, there was no evidence that the traffic generated by the project will even have any noticeable effect on the already-heavily-used Route 15, and no evidence at all that it will have any effect on Ms Post's more remote residential neighborhood. Rather, the potential for adding some slower elderly drivers on Route 15, which is the potential effect on traffic discussed by Ms. Post, even if it was to occur, would be an effect experienced by every driver on Route 15, and not specifically or primarily by Ms. Post. Such an effect, even if supported by evidence, would be insufficient to demonstrate the type of individualized "physical or environmental impact" on her interest that 24 V.S.A. §4465(b)(3) requires. See, e.g., In re: Appeals of Gulli and Dunnett, Docket Nos. 135-6-00 Vtec; 185-8-00 Vtec; 4-1-01 Vtec; and 5-1-01 Vtec, slip

3

op. at 3-4 (Vt. Envtl. Ct., March 22, 2001) (interpreting former statute and dismissing appellants because "they have not shown that they will be affected by the project other than generally as citizens.") As Ms. Post does not qualify as an interested person under §4464(b)(3), Appellee-Applicants' motion to dismiss her as an appellant, and therefore to dismiss the appeal, must be granted.

Ms. Post also argues that she should be granted standing as she is making a sincere effort to represent the interests of Essex citizens in general in the protection of a publicly-shared resource: the "panoramic view from Route 15" that she argues is specifically protected by the zoning and subdivision regulations, the Town Plan and the Town Center Master Plan. She argues that "the obstruction of the scenic vista has an environmental impact on the appellant as a member of the public." She submitted photographs on this point as attachments to her post-hearing memorandum, rather than as exhibits at the hearing.[3] Unfortunately for this argument, the statute is designed so that this type of publicly-shared interest cannot be asserted by a single individual appellant whose own interest is not affected by the project, other than generally as any other resident of the Town.

Rather, standing under §4465(b)(4) may only be asserted by a group of at least ten people who either vote in or own property in the municipality. It also requires that the group had already asserted its interest by a petition to the municipal panel making the decision (in this case, the Planning Commission), claiming that approval of the application would not be in accord with the policies, purposes, or terms of the plan or bylaw. As Ms.

---

[3] A court cannot consider evidence attempted to be submitted after a hearing, because the witnesses cannot be cross-examined about it. However, in the present case the court examined this additional evidence and concluded that it would not have affected the result, as it did not demonstrate a "physical or environmental impact" on Ms. Post's interest as distinct from that of other town residents in general. 24 V.S.A. §4465(b)(3).

Post is the only appellant, and, in any event, no group of at least ten people petitioned the Planning Commission under §4465(b)(4), she cannot assert that interest at this stage in the proceeding.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellee-Applicants' Motion to Dismiss Appellant as a Party, and hence to dismiss the appeal, is GRANTED, concluding this appeal.[4]

Done at Berlin, Vermont, this 25th day of September, 2006.

_____
Merideth Wright
Environmental Judge

---

[4] If it would be valuable for the parties to engage in a facilitated community discussion about this project or about a master plan for this property or for this section of Town, as discussed generally in a pretrial conference in this matter, they remain free to do so outside of the framework of this litigation.