*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2013-301

JANUARY TERM, 2014

| | | |
|---|---|---|
| In re UVM Certificate of Appropriateness | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, |
| | } | Environmental Division |
| | } | |
| | } | DOCKET NO. 90-7-12 Vtec |

Trial Judge: Thomas G. Walsh

In the above-entitled cause, the Clerk will enter:

Burlington resident Pike Porter appeals pro se from the trial court's ruling that he lacked standing to raise a claim concerning the sufficiency of notice to neighbors in this zoning case. Porter argues that, as an "interested party," he had standing to raise this claim on behalf of other potential parties. We affirm.

The record indicates the following. In June 2012, the City of Burlington Development Review Board (DRB) approved the University of Vermont's plans to improve an existing athletic field. Porter lives near the athletic field and is an "interested party" under 24 V.S.A. § 4465(b)(3). Porter received notice of the DRB hearing as specified by statute, and he spoke at the DRB hearing. Porter appealed the DRB's decision and submitted a statement of questions. See id. § 4465(a) (providing "interested party" with the right to appeal municipality's decision). As relevant here, Porter argued that the DRB provided insufficient notice of UVM's application to South Burlington residents. He later modified this claim to argue that "the public" was not properly warned about the project. The court found that Porter sought to assert the rights of parties not involved in the appeal, and that he lacked standing to do so. Porter moved for reconsideration of this ruling, which the court denied. This appeal followed.

On appeal, Porter reiterates his claim that he has standing to raise the notice issue. He relies on his status as an "interested party." This term is defined in relevant part as:

> [a] person owning or occupying property in the immediate neighborhood of a property that is the subject of any decision or act taken under [Chapter 117 of Title 24, V.S.A.], who can demonstrate a physical or environmental impact on the person's interest under the criteria reviewed, and who alleges that the decision or act, if confirmed, will not be in accord with the policies, purposes, or terms of the plan or bylaw of that municipality.

24 V.S.A. § 4465(b)(3). Porter argues that, as an "interested party," he has the right to seek review of "all questions arising out of or with respect to the implementation by a municipality" of chapter 117. Garzo v. Stowe Bd. of Adjustment, 144 Vt. 298, 301 (1984) (quoting 24 V.S.A. § 4473 (emphasis omitted)). He maintains that the lack of proper notice to other members of the public affects both the public interest as well as his own interests.[1]

We agree with the trial court that Porter lacks standing to raise this claim. The issue of standing in the case of a zoning appeal in Vermont has two aspects. By statute the litigant must meet the standard of an interested party. The parties agree that Porter meets this standard. As a matter of justiciability, the party must also have a sufficient stake in the issue which he seeks to raise. Not all interested parties have a legally recognized concern in every potential issue.

As the trial court explained, its jurisdiction is limited to "actual cases or controversies." Parker v. Town of Milton, 169 Vt. 74, 77 (1998). Stated differently, "[t]he judicial power, as conferred by the Constitution of this State upon this Court, is . . . the right to determine actual controversies arising between adverse litigants, duly instituted in courts of proper jurisdiction." Id. (quotation omitted). One element of "the case and controversy requirement is that plaintiffs must have standing, that is, they must have suffered a particular injury that is attributable to the defendant and that can be redressed by a court of law." Id. As we have made clear, "[t]he injury must be an invasion of a legally protected interest, not a generalized harm to the public." Id. at 78 (citation omitted).

Porter cannot meet this standard. It is undisputed that he received notice of the DRB hearing, and that he participated fully in the hearing. Porter seeks to assert a claim that other members of the public suffered from a lack of notice of the case. The law is clear that he lacks standing to raise claims when he himself has not suffered the alleged harm. See Warth v. Seldin, 422 U.S. 490, 499 (1975) (explaining that a "plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties"). This fundamental standing principle does not change because Porter alleges a procedural violation rather than a substantive injury.

One of the ironies of this case is that Porter has not appealed any of the substantive rulings of the Environmental Division concerning the proposed improvements to the soccer field. As an interested person, he had every right to object to the project at both the DRB and the Environmental Division level. He exercised these rights fully. He has chosen not to appeal the Environmental Division's rulings on any issue except notice. His claim is that given additional notice, other people might have raised claims and objections to the project similar to those which he is no longer pursuing.

The fact that Porter is an "interested person" gives him the right to pursue an appeal before the Environmental Division; it does not allow him to raise whatever claims he desires.

---

[1] We do not consider Porter's claim that the notice mailed to him was deficient because he did not raise this issue in his brief. See V.R.A.P. 28(a)(1) (requiring appellant's brief to contain "a statement of the issues presented for review"); In re Wal-Mart Stores, Inc., 167 Vt. 75, 86, 702 A.d 397, 404 (1997) (declining to consider issues not raised in appellant's or appellee's original briefs).

Consistent with basic justiciability requirements, he must still demonstrate a particularized injury. See, e.g., 13A C. Wright & A. Miller, Federal Practice and Procedure § 3531 (3d ed. 2008) (recognizing that a party might have standing to advance one claim but lack standing to advance other claims). As we stated in Bischoff v. Bletz, "[a]ny other conclusion would contravene one of the fundamental principles underlying the standing requirement, which is a general prohibition on a litigant's raising another person's legal rights." 2008 VT 16, ¶ 21, 183 Vt. 285 (citation omitted). We find no error in the court's dismissal of Porter's notice claim which he seeks to bring on behalf of other people.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Geoffrey W. Crawford, Associate Justice