STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT | ENVIRONMENTAL DIVISION |
| Vermont Unit | Docket No. 129-9-13 Vtec |

| | |
|---|---|
| Castleton Expansion & Renovation Permit | DECISION ON MOTION |

**Motions to Dismiss Appeal for Appellant's Lack of Standing**

In the present appeal, Mr. Graham Trudo, representing himself, appeals an August 29, 2013 decision of the Town of Castleton Development Review Board ("the DRB") which determined that proposed alterations to a town-owned building for town office purposes did not require a zoning permit because the alterations were exempted under the definition and treatment of "essential services." Mr. Trudo argues that the proposed use does not fit the definition of essential services under the zoning regulations. Pending before the Court are two motions to dismiss Mr. Trudo for lack of standing, one by the Town of Castleton ("the Town"), represented by Theodore A. Parisi, Jr., Esq., the other by interested persons John Rehlen, Pamela Rehlen, and Gary Kupferer, Esq., represented by Attorney Kupferer. As Mr. Trudo is the only appellant, the motions to dismiss Mr. Trudo ask for dismissal of the appeal.

Standing is a "necessary component of the court's subject-matter jurisdiction." Bischoff v. Bletz, 2008 VT 16, ¶ 15, 183 Vt. 235. Thus, we review the motions challenging Mr. Trudo's standing under the standard of review afforded by Rule 12(b)(1) of the Vermont Rules of Civil Procedure, which governs motions to dismiss for lack of subject matter jurisdiction. We will accept as true all uncontroverted factual allegations, and we will construe those factual allegations in the light most favorable to the nonmoving party (here, Mr. Trudo). See Rheaume v. Pallito, 2011 VT 72, ¶ 2, 190 Vt. 245 (mem.).

The Legislature has established the standing requirements to appeal a municipal panel's decision, and this Court does not have the authority to "judicially expand the class of persons entitled to such [appeal]." In re Verizon Wireless Barton Permit, 2010 VT 62, ¶ 7, 188 Vt. 262 (quoting Garzo v. Stowe Bd. of Adjustment, 144 Vt. 298, 302 (1984)). Pursuant to 10 V.S.A. § 8504(b) and 24 V.S.A. § 4471(a), a person has standing to appeal a municipal panel's decision to this Court if he or she participated in the proceeding below and qualifies as an "interested person" under one of the categories defined in 24 V.S.A. § 4465(b). The parties do not dispute that Mr. Trudo participated in the DRB proceeding. Thus, the only issue before the Court with respect to Mr. Trudo's standing is whether he qualifies as an interested person.

Section 4465(b) sets forth five definitions of "interested person," three of which are referenced by the parties:

(1) A person owning title to property . . . affected by a bylaw, who alleges that the bylaw imposes on the property unreasonable or inappropriate restrictions of present or potential use under the particular circumstances of the case;

(2) The municipality that has a plan or a bylaw at issue in an appeal brought under this chapter or any municipality that adjoins that municipality;

(3) A person owning or occupying property in the immediate neighborhood of a property that is the subject of any decision or act taken under this chapter, who can demonstrate a physical or environmental impact on the person's interest under the criteria reviewed, and who alleges that the decision or act, if confirmed, will not be in accord with the policies, purposes, or terms of the plan or bylaw of that municipality.

24 V.S.A. § 4465(b)(1)–(3).

Mr. Trudo first argues that because the building is owned by the Town of Castleton any taxpayer in the town qualifies as a person owning title to affected property under § 4465(b)(1). The language used by the Legislature in subsection (b)(1) cannot be read so broadly as to include any taxpayer in a town when town property is at issue. As the title owner of the property at issue, it is the Town as the applicant in this proceeding that has standing under (b)(1). We know of no precedent for the legal proposition Mr. Trudo asserts that every taxpayer is an "owner" of town property for purposes of a land use application and therefore has standing as a party opposing that application. To the extent that Mr. Trudo, as an individual taxpayer, objects to this proposed municipal project, he has the right to express his concerns to the governing body. But here the "owner" of the property upon which improvements are proposed is the Town itself, represented through its legal counsel; only the Town has standing here pursuant to 24 V.S.A. § 4465(b)(1), and not any individual taxpayer.

Mr. Trudo makes essentially the same argument with regard to subsection (b)(2). Under (b)(2), the municipality where the project is located and neighboring municipalities are interested persons, but individual residents of those municipalities are not. Subsection (b)(2) provides standing to the host municipality and neighboring municipalities, thereby allowing those municipalities to participate in land use litigation that may impact those communities generally. Status as a voter and taxpayer in a given municipality is insufficient to establish standing under this subsection. Thus, Mr. Trudo cannot establish standing under subsections (b)(1) or (b)(2).

The motions by the Town and the interested persons further argue that Mr. Trudo cannot establish standing under subsection (b)(3) and that he therefore must be dismissed from this appeal. The first requirement for standing under subsection (b)(3) is that the person seeking party status must own or occupy property in the "immediate neighborhood" of the project. 24 V.S.A. § 4465(b)(3). "[T]he determination of whether an appellant lives in the 'immediate neighborhood' is made on a case-by-case basis and largely depends on the physical environment surrounding the project property and its nexus to a particular appellant and their property." In re Bostwick Road Two-Lot Subdivision, No. 211-10-05 Vtec, slip op. at 2–3 (Vt. Envtl. Ct. Feb. 24, 2006) (Durkin, J.), aff'd, No. 2006-128 (Vt. 2007) (mem.). In Bostwick Road,

2

the Court held that an appellant who lived 2,000 feet, as the crow flies, from a proposed development was not in the immediate neighborhood because the proposed development would not be visible from appellant's property and would not impact his home, due to the surrounding environment. It is undisputed that Mr. Trudo's residence is more than three miles from the project site and he alleges no physical or environmental impacts on his interests related to that property. Mr. Trudo therefore does not own or occupy property in the immediate neighborhood.

Mr. Trudo also argues that his status as a trustee of a commercial building across the street from the proposed project qualifies him as owning or occupying property in the immediate neighborhood. It is not alleged that the commercial entity itself has appealed the DRB decision or that any such entity designated Mr. Trudo as its spokesperson for the purpose of doing so. As Mr. Trudo appeals the decision in his individual capacity and he does not own or occupy property in the immediate neighborhood, he does not qualify as an interested person in this appeal.

For these reasons, the motions by the Town of Castleton and the interested persons to dismiss Mr. Trudo for lack of standing and to dismiss this appeal are **GRANTED**. As a consequence, we hereby enter judgment in favor of the Town of Castleton and direct that the decision of the Town of Castleton Development review Board remains in full force and effect.

Electronically signed on April 28, 2014 at 02:23 PM pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Judge
Environmental Division