# STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION
Vermont Unit                                      Docket No. 62-5-14 Vtec

| DeGraaf Change of Use |
|---|

## ENTRY REGARDING MOTION

Title:          Motion to Dismiss (Motion 1)
Filer:          Robert DeGraaf
Attorney:        Pro se
Filed Date:     July 21, 2014

Response in Opposition filed on 07/24/2014 by Attorney Ebenezer Punderson for Appellant
Jacques Andre Megroz

**The motion is GRANTED.**

Jacques Andre Megroz (Appellant) appeals an April 17, 2014 decision of the Development Review Board of the Town of Panton, Vermont approving the application of Robert and Joan Degraaf, d/b/a BJ's Farm Supply (Applicants), for a change of use and conditional use approval. Now pending before the Court is Applicants' motion to dismiss the appeal for Appellant's lack of standing.[1]

Standing is a "necessary component of the court's subject-matter jurisdiction." Bischoff v. Bletz, 2008 VT 16, ¶ 15, 183 Vt. 235. We therefore review motions to dismiss for lack of standing under Rule 12(b)(1) of the Vermont Rules of Civil Procedure, which governs motions to dismiss for lack of subject matter jurisdiction. We must accept as true all uncontroverted factual allegations and construe those factual allegations in the light most favorable to the nonmoving party (here, Appellant). See Rheaume v. Pallito, 2011 VT 72, ¶ 2, 190 Vt. 245.

The Legislature has established the standing requirements to appeal a municipal panel's decision, and this Court does not have the authority to "judicially expand the class of persons entitled to such [appeal]." In re Verizon Wireless Barton Permit, 2010 VT 62, ¶ 7, 188 Vt. 262 (quoting Garzo v. Stowe Bd. of Adjustment, 144 Vt. 298, 302 (1984)). Pursuant to 24 V.S.A. § 4471(a), a person has standing to appeal a municipal panel's decision to this Court if he participated in the proceeding below and qualifies as an "interested person" under one of the categories defined in 24 V.S.A. § 4465(b). Applicants argue that Appellant does not qualify as an interested person as defined in § 4465(b)(3).

---

[1] The Court notes that Randy Morris has entered his appearance as an interested person in this appeal and no party has challenged his status as such. During the initial status conference in this case, Mr. Morris verbally supported dismissal of the action for Appellant's lack of standing; we therefore consider him as joining in Applicants' motion to dismiss.

Section 4465(b) sets forth five definitions of "interested person" but only subsection (b)(3) is relevant here. Under that subsection a person must meet two requirements. First, he must own or occupy "property in the immediate neighborhood" of the property that is the subject of the municipal decision. 24 V.S.A. § 4465(b)(3). Second, he must allege a "physical or environmental impact on [his] interest . . . ." Id. Based on the uncontroverted facts before the Court Appellant has not met this standard and must therefore be dismissed.

First, "the determination of whether an appellant lives in the 'immediate neighborhood' is made on a case-by-case basis and largely depends on the physical environment surrounding the project property and its nexus to a particular appellant and their property." In re Bostwick Road Two-Lot Subdivision, No. 211-10-05 Vtec, slip op. at 2–3 (Vt. Envtl. Ct. Feb. 24, 2006) (Durkin, J.), aff'd, No. 2006-128 (Vt. 2007) (mem.) (holding that an appellant who lived 2,000 feet from a proposed development was not in the immediate neighborhood because the proposed development would not be visible from the appellant's property and would not have a physical or environmental impact on appellant's property interest). Applicants state that Appellant's property is 2.9 miles west of Applicants' property and is located in a different zoning district. Appellant does not contest these facts in his response to the motion to dismiss. Furthermore, Applicants state in the motion to dismiss that Appellant has not presented any facts of a physical or environmental impact on his property interest.

In his response to the motion to dismiss, Appellant states that he participated in the proceeding below. Appellant offers nothing related to his status as an interest person. Appellant provides no evidence that his property is in the "immediate neighborhood" or that the proposed development will have a physical or environmental impact on his interests. We therefore conclude that Appellant does not qualify as an interested person and does not have standing in this appeal. Thus, the Court is without subject matter jurisdiction and Applicants' motion to dismiss the appeal is **GRANTED**.

This completes the current proceedings before this Court.

Electronically signed on July 24, 2014 at 03:24 PM pursuant to V.R.E.F. 7(d).

_Tom Walsh_
_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division


Notifications:
Ebenezer Punderson (ERN 3701), Attorney for Appellant Jacques Andre Megroz
Interested Person Town of Panton
Interested Person Randy Morris
Appellee Robert DeGraaf
Appellee Joan C. DeGraaf