STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT<br>Vermont Unit | ENVIRONMENTAL DIVISION<br>Docket No. 64-5-14 Vtec |

| | |
|---|---|
| Equinox Sq. Associates Change of Use<br>Permit | **DECISION ON MOTION** |

Applicant Equinox Square Associates ("Equinox") seeks a change of use for a vacant 2,000-square-foot space located at 365 Depot Street in the Town of Manchester, Vermont. Equinox submitted a zoning application requesting a change of use from "Retail" to either "Retail/Food' or "Restaurant, Fast-Food" and a waiver reducing the number of parking spaces required for a 2,000-square-foot space zoned as "Restaurant, Fast-Food" from 50 to 7 ("the Project"). The Town of Manchester Development Review Board ("DRB") approved the application on April 16, 2014, granting a change of use to "Restaurant, Fast-Food" and the waiver reducing the number of required parking spaces from 50 to 10. William Drunsic ("Appellant"), owner and operator of the Spiral Press Café, a business occupying leased property at 15 Bonnet Street in Manchester, Vermont, timely appealed that decision to this Court. Equinox now moves for dismissal, alleging that Appellant lacks standing to pursue this appeal. Equinox is represented by A. Jay Kenlan, Esq. Mr. Drunsic appears before the Court representing himself.

**Factual Background**

For the sole purpose of putting the pending motion into context, the Court recites the following facts which it understands to be undisputed:

1. Equinox Square Associates is the owner of Equinox Square Plaza, located at 365 Depot Street in the Town of Manchester, Vermont.

2. Seeking to fill a vacant 2,000-square-foot retail space with a pre-existing drive-thru at Equinox Square Plaza with a Starbucks Café, Equinox submitted a zoning application requesting a change of use from "Retail" to either "Retail/Food" or "Restaurant, Fast-Food." Equinox also

requested a waiver reducing the number of parking spaces required for a 2,000-square-foot "Restaurant, Fast-Food" space from 50 to 7.

3. The DRB held hearings on the application on January 8 and March 19, 2014 and approved Equinox's application on April 16, 2014. The DRB's approval authorized both the change of use to "Restaurant, Fast-Food" and the waiver reducing the number of required parking spaces from 50 to 10.

4. William Drunsic is the owner and operator of the Spiral Press Café in Manchester, Vermont. He leases a building at 15 Bonnet Street in Manchester, four-tenths of a mile from the Equinox Square Plaza, for the purpose of operating the Spiral Press Café.

5. Within the four tenths of a mile that separates the proposed project and the Spiral Press Café, "there are numerous commercial establishments." Appellant's Response (filed June 30, 2014) to Equinox's Motion to Dismiss, at p. 2, ¶ 22. Those commercial establishments include several "restaurants, coffee shops, and other businesses that sell coffee." Supplemental Affidavit of Peter Keelan, filed July 16, 2014, at p. 1, ¶ 3.

6. Appellant asserts that the proposed changed use to a Starbucks Café "will have a material impact on its business" and that the operation of the proposed Starbucks Café will put "the Spiral Press Café and other like businesses at a distinct disadvantage and potential financial harm . . . ." Appellant's Response (filed June 30, 2014) to Equinox's Motion to Dismiss, at pp. 1-2, ¶¶ 3(e) and 23.

7. Mr. Drunsic offered oral testimony at the January 8 and March 19, 2014 DRB hearings regarding Equinox's permit application.

8. Mr. Drunsic appealed the DRB decision to this Court on May 15, 2014.

## Discussion

Equinox has moved to dismiss the appeal now before the Court pursuant to 24 V.S.A. § 4465(b), alleging that Mr. Drunsic is not an "interested person" with respect to the DRB's approval of the Project because he has failed to demonstrate that he owns or occupies property in the immediate neighborhood of the proposed project or that the proposed project would have a physical or environmental impact on his interests "under the [zoning] criteria reviewed." 24 V.S.A § 4465(b)(3). In response, Mr. Drunsic alleges that his ownership of the

2

Spiral Press Café, which is located four-tenths of a mile from the proposed project, and the proposed project's impact on that business, is sufficient to qualify him as an "interested person" under section 4465(b)(3). Appellant's only explanation of the "business impacts" that he fears from the proposed change of use at Equinox's rehabilitated building is "a distinct disadvantage and potential financial harm . . . ." Appellant's Response (filed June 30, 2014) to Equinox's Motion to Dismiss, at pp. 1-2, ¶¶ 3(e) and 23. Appellant does not provide the Court with a citation to the zoning criteria that allows us to review the impacts he alleges, within the confines of the Town of Manchester, Vermont Zoning Ordinance ("Ordinance").

## I.     Standard for Dismissal

This Court's jurisdiction extends only to cases and controversies raised by parties with standing. See Bischoff v. Bletz, 183 Vt. 235 (2008); Parker v. Town of Milton, 169 Vt. 74, 77 (1998). We review motions for dismissal based on standing under Rule 12(b)(1) of the Vermont Rules of Civil Procedure, which governs motions to dismiss for lack of subject matter jurisdiction. In re Goddard College Conditional Use, No. 175-12-11 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. July 5, 2012) (Walsh, J.).

## II.     Standard for Standing

Standing to appeal a decision under municipal zoning regulations is governed by 24 V.S.A. § 4465.[1] See Garzo v. Stowe Bd. of Adjustment, 144 Vt. 298, 302 (1984). Section 4465(a) extends standing to "interested persons,"  defined in section 4465(b)(3), which is the section relevant to this appeal, as one "owning or occupying property in the immediate neighborhood of a property that is the subject of any decision or act" who can "demonstrate a physical or environmental impact" on their interest under the criteria reviewed. 24 V.S.A. § 4465(b)(3). The statutory scheme also requires that an interested person has participated in the proceedings below in order to have standing to appeal. 24 V.S.A. § 4471(a).

Our Supreme Court has acknowledged that since our Legislature has elected to statutorily restrict the types of parties who may appeal a land use determination, the courts must strictly construe those standing requirements, even when such a reading will foreclose an

---

[1]  Prior to the Permit Reform Act of 2004, the statutory codification governing appeals to the Environmental Court was found in 24 V.S.A. § 4464.

appeal by a party who has "closely related interests [that] fall[] outside the definitive statutory language . . . ." In re Gulli, 174 Vt. 580, 582 at n.* (citing Kalakowski v. John A. Russell Corp., 137 Vt. 219, 222 (1979)). Standing before this Court therefore requires that an appellant satisfy each of the requirements under both section 4465(b)(3) and section 4471(a).

To determine whether a party's interest is in the "immediate neighborhood" of a proposed project, the Court will consider the physical environment surrounding the project and the nexus between the project, the appellant, and the appellant's property. See In re Bostwick Road Two-Lot Subdivision, Docket No. 211-10-05 Vtec, slip op. at 2–4 (Vt. Envtl. Ct. Feb. 24, 2006) (Durkin, J.), aff'd No. 2006-128 (Vt. 2007) (mem.).

Even if a party owns or occupies property in the immediate neighborhood, however, he must also demonstrate the possibility that the proposed project will have a "physical or environmental impact" on an interest under the criteria reviewed. This requires evidence offering minimal support to "establish a non-speculative demonstration, or reasonable possibility" of a physical or environmental impact to him specifically under criteria reviewed from the project. See In re UVM Certificate of Appropriateness, No. 90-7-12 Vtec, slip op. at 12 (Vt. Super. Ct. Envtl. Div. Feb. 26, 2013) (Walsh, J.). Based on the facts now before the Court, Mr. Drunsic has not met this standard.

Mr. Drunsic alleges that he occupies property in the immediate neighborhood of the proposed project. He fails, however, to demonstrate either a reasonable possibility of a physical or environmental impact on his interest in that property or that the impact is one that is governed or protected by the Ordinance provisions (i.e.: "the criteria reviewed"). First, Mr. Drunsic offers no evidence to support his allegation of harm. While the standard of proof is low, it requires some measure of support.[2] Second, Mr. Drunsic fails to allege harm under the criteria reviewed. He argues that the proposed project will have a financial impact on his business interests, but we know of no criteria under the Ordinance that allows this Court to

---

[2] In the context of reviewing a challenge to standing in an Act 250 permit appeal, the former Vermont Environmental Board had characterized an appellant's obligation to provide some facts showing at least some "reasonable possibility" that the harm they fear may be caused by the proposed project. In re Granville Manufacturing Co., Inc., No. 2-1-11 Vtec, slip op. at 6 (Vt. Super. Ct. Envtl. Div. Apr. 24, 2012)(Durkin, J.). We have since concluded that it is appropriate to apply this "reasonable possibility" standard in the context of standing challenges in municipal permit appeals. See In re Goddard College Conditional Use App., No. 175-12-11 Vtec, slip op. at 2-3 (Vt. Super. Ct. Envtl. Div. Jul. 5, 2012) (Walsh, J.).

consider financial impacts upon a competing business. We therefore conclude that Mr. Drunsic has failed to demonstrate how the project will impact those interests physically or environmentally under the criteria reviewed.

In an application for a change of use and waiver, the "criteria reviewed" are the applicable sections of the Town of Manchester Zoning Ordinances—here, sections governing changes of use and parking. These sections do not address a project's financial impacts on surrounding businesses. We further note that we find no provision that give notice that the authorized purpose of these or any other zoning regulations may be to protect existing businesses from competition. Rather the purpose of zoning regulations, as stated in the enabling statutes, is to protect the public health, safety, and welfare of the general public. See 24 V.S.A. §§ 4401, 4302 (establishing purposes and goals of zoning regulations).

Further, the possibility that the proposed project's financial impacts on Mr. Drunsic's business may require him to downsize or close his business are not only speculative and vague, but downsizing in response to financial pressures is not a "physical" impact as contemplated by the statute. See In re Williams Amended CU Permit, No. 40-4-13 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Aug. 28, 2013) (Durkin, J.) (finding that merely hinting that a project may compromise investments is a "vague concern[]" and does not rise to the level of an actual and non-hypothetical physical or environmental impact) (citing UVM Certificate of Appropriateness, No. 90-7-12 Vtec, slip op. at 11 (requiring a showing of how the development will impact the party specifically and reference to evidence showing that such impact is not hypothetical).

### Conclusion

For the reasons discussed above, we conclude that Mr. Drunsic does not have standing in this appeal because he has failed to demonstrate that the proposed project will have a physical or environmental impact on his interest under the criteria reviewed. Equinox's Motion to Dismiss for lack of standing is **GRANTED**; Mr. Drunsic's appeal is therefore **DISMISSED**.

Since our ruling here dismisses this appeal, we have prepared and issued a Judgment Order with this Decision. Our ruling concludes the current proceedings before this Court concerning this appeal.

Electronically signed on October 31, 2014 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Judge
Environmental Division