# STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT | ENVIRONMENTAL DIVISION |
| Vermont Unit | Docket No. 15-2-14 Vtec |

> Farmer Mold & Machine Works, Inc. CU Permit

## ENTRY REGARDING MOTION

Title:           Motion to Dismiss Appeal & Deny Party Status (Motion 4)
Filer:          Jim Gilmour
Attorney:    A. Jay Kenlan
Filed Date:  June 19, 2014

No response filed

**The motion is GRANTED IN PART and DENIED IN PART.**

Farmer Mold & Machine Works, Inc. through its principal Jim Gilmour (Applicant) seeks a conditional use permit to operate a light industrial business specializing in design, building, and service of specialty automation equipment at 2920 Route 7B (the Project) in the Town of Clarendon, Vermont (the Town). The Town's Board of Zoning Adjustment (ZBA) approved the application on January 24, 2014, subject to conditions. Vera Maria L. Kalakowski, Vera M. K. Kalakowski-Tizabi, Claire Kalakowski, Marjorie White Southard, Marion Pratico, Albert Trombley, Mary Trombley, George Solotruck, Mary Solotruck, Giles Jewett, Jr., Henry Vergi, Shirley Loomis, Doris Roach, Helen Darby, and Shelly Allen (Appellants) timely appealed that decision to this Court. Now pending before this Court is Applicant's unopposed Motion to Dismiss all parties for lack of standing, pursuant to Vermont Rules of Environmental Court Proceedings (V.R.E.C.P.) 5(d)(2).[1] In their Notice of Appeal, Appellants' allege that the Project will result in increased traffic on Route 7B which will have an environmental impact on their properties.[2] In the pending motion, Applicant challenges whether Appellants have shown that they are interested persons who participated in the DRB hearing below, required for party status.

---

[1] Prior to Applicant's motion to dismiss all parties, Appellants filed a motion through which each sought interested person status even though this was accomplished by filing their Notice of Appeal. Vermont Rules of Environmental Court Proceedings 5(d)(2) ("an appellant who claims party status as an interested person pursuant to 10 V.S.A. § 8504 (b)(1) will be automatically accorded that status when the notice of appeal is filed unless the court otherwise determines on motion to dismiss a party").

[2] In Appellants' filing seeking party status, discussed infra, they also seem to allege potential wastewater impacts, but have not preserved this issue for review in their Statement of Questions. We will not rule on an issue not raised in a party's Statement of Questions. Vermont Rules of Environmental Court Proceedings 5(f) ("The appellant may not raise any question on the appeal not presented in the statement as filed. . .").

**Standard of Review**

This Court's jurisdiction extends only to "actual cases and controversies." Parker v. Town of Milton, 169 Vt. 76–77 (1998). Whether a case or controversy exists turns partially on whether the party bringing a claim has standing to do so. Id. at 77. Standing is a "necessary component to the court's subject-matter jurisdiction." Bischoff v. Bletz, 2008 VT 15, ¶ 15, 183 Vt. 235. When parties lack standing, courts lack the authority to render decisions. See Id., at ¶ 15. We review this motion to dismiss for lack of standing under Vermont Rule of Civil Procedure (V.R.C.P.) 12(b)(1) as a motion to dismiss for lack of jurisdiction. V.R.C.P. 56; V.R.C.P. 12(c).

**I.      Standard for Standing**

Standing to appeal municipal zoning decisions is governed by 24 V.S.A. § 4465 and may not be judicially expanded. In re Verizon Wireless Barton Permit, 2010 VT 62, ¶ 7, 188 Vt. 262 (quoting Garzo v. Stowe Bd. Of Adjustment, 144 Vt. 298, 302 (1984)). Section 4471(a) extends standing to appeal a municipal panel's decision to "interested persons" who participated in the proceedings below. See 24 V.S.A. § 4465(b)(defining interested person).

Because standing requirements evince a legislative intent to limit appeals, "an appellant must fall squarely within the statutory requirements." In re Gulli, 174 Vt. 580, 582 n* (2002) (interpreting 24 V.S.A. § 4464) (citations omitted). While any interested person may participate in an appeal before this Court, participation is confined to the Statement of Questions raised by an Appellant who, in addition to meeting the criteria of an interested person, has participated in the proceeding below. Compare 10 V.S.A. § 8504(b)(1) to 10 V.S.A. § 8504(n); In re Hale Mountain. Fish and Game Club, No. 190-11-10 Vtec, slip op. at 3 (Vt. Super. Ct. Envtl. Div. Aug. 23, 2011) (Durkin, J.). We address each requirement in turn.

**II.     Interested Persons**

Relevant to this appeal, an interested Person is defined in 24 V.S.A. § 4465(b)(3) as one "owning or occupying property in the immediate neighborhood of a property that is the subject of any decision or act" who can "demonstrate a physical or environmental impact" on their interest under the criteria reviewed.

**a.  The Immediate Neighborhood**

To determine whether a party's property is in the "immediate neighborhood" of a proposed project, the Court will consider the physical environment surrounding the project and the nexus between the project, the appellant, and the appellant's property. See In re Bostwick Road Two-Lot Subdivision, Docket No. 211-10-05 Vtec, slip op. at 2–4 (Vt. Envtl. Ct. Feb. 24, 2006) (Durkin, J.), aff'd No. 2006-128 (Vt. 2007) (mem.). Whether a party owns or occupies property in the immediate neighborhood of a proposed project "is not strictly based on distance, but instead depends on '"whether the [party] potentially could be affected by any of the aspects of the project which have been preserved for review on appeal.'" In re McCullough Crushing Inc., Amended CU 2013, No 179-10-10 Vtec, slip op. at 3 (Vt. Super. Ct. Envtl. Div. June 27, 2013) (Walsh, J.).

Applicant admits that the properties, as indicated by addresses, of Vera Maria L. Kalakowski, Claire Kalakowski, Albert Trombley, Mary Trombley, George Solotruck, Mary Solotruck, Giles Jewett, Jr., and Henry Vergi "are near enough to the FMMW property that they could be considered to be in the 'immediate neighborhood' of the FMMW property . . . ." (Applicant's Mem. in Opp'n at 6, filed Jun. 19, 2014). Thus, we conclude that these individual own or occupy property in the "immediate neighborhood".

Applicant asserts that Appellants Marjorie White Southard, Marion Pratico, Shirley Loomis, Doris Roach, Helen Darby, Shelly Allen, and Vera M. K. Kalalowski-Tizabi have failed to demonstrate that they own or occupy property in the immediate neighborhood of the Project. We conclude that Appellants Shirley Loomis of Shrewsbury, Vermont; Doris Roach of East Wallingford, Vermont; Helen Darby, a resident of either St. Cloud, Florida or Westfield, Massachusetts; Shelly Allen of St. Cloud, Florida; and Vera Kalakowsi-Tizabi, a resident of Silver Spring Maryland do not satisfy the "immediate neighborhood" requirement for standing. Appellants Loomis and Roach reside in town's other than Clarendon where the Project is proposed and the fail to demonstrate a nexus between their Properties and the Project which could give rise to an environmental impact. Appellants Darby, Allen, and Vera Kalakowksi-Tizabi provide no facts or rationale other than their postal addresses to support the assertion that each of them owns or occupies property in the immediate neighborhood of the project.

This is insufficient to satisfy the legal standard, and based upon the addresses we conclude that their properties are not in the "immediate neighborhood". See In re Hartland Group Real Estate, No. 94-7-11 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Nov. 1, 2011) (Durkin, J.) (citing Brod v. Agency of Natural Resources, 2007 VT 87, ¶ 9, 182 Vt. 234) ("Appellants' bare assertion that they are 'adjoining property owners' is more akin to a restatement of the rule itself than a factual allegation describing what property they own or where their property is located in relation to the property on which the project is being constructed."). "While the hurdle of demonstrating standing to appeal a decision to our Court is a low one, Appellants have failed to make the minimum factual allegations necessary for us to conclude that we have jurisdiction over their claims." Id. Shirley Loomis, Doris Roach, Helen Darby, Shelly Allen, and Vera Kalakowski-Tizabi are **DISMISSED** from this appeal.

Marjorie White Southard and Marion Pratico reside at 3272 Route 7B, six-tenths of a mile from the Project on the same road. Although the Project site is neither visible nor audible from their residence, Appellants Southard and Pratico have demonstrated a reasonable possibility that traffic generated by the Project could adversely affect their use and enjoyment of their property. Applicant has not offered facts to rebut this claim but instead argues that the interest in traffic is not sufficiently particularized. We therefore conclude that Southard and Pratico own or occupy property in the "immediate neighborhood," however, we next consider Applicant's assertion that all Appellants, including Southard and Pratico, have failed to demonstrate that the Project will have an environmental impact on their interests.

### b. A Physical or Environmental Impact

Whether a party has demonstrated the possibility that a project will have a "physical or environmental impact" on their interest requires minimal support. The party must offer proof sufficient to "establish a non-speculative demonstration, or reasonable possibility" of a physical

3

or environmental impact specifically under criteria reviewed for the project. In re UVM Certificate of Appropriateness, No. 90-7-12 Vtec, slip op. at 12 (Vt. Super. Ct. Envtl. Div. Feb. 26, 2013) (Walsh, J.). Applicant also asserts that all Appellants have failed to demonstrate that the Project will have an environmental impact on their interests.

To demonstrate the possibility of a physical or environmental impact on their property interest, Appellants collectively allege that the Project will cause "a change and increase in motor vehicle traffic from current levels." While this allegation satisfies the requirement that the impact be under the criteria review, Applicant asserts that Appellants have failed demonstrated a sufficiently particularized environmental impact. Making all reasonable inferences in favor of the nonmovant (here, Appellants), and because Applicant has not produced sufficient facts to counter Appellant's assertion of a reasonable possibility that the Project will increase traffic in the immediate neighborhood, we find that the remaining Appellants—including Marjorie White Southard, Marion Pratico, Vera Maria L. Kalakowski, Claire Kalakowski, Albert Trombley, Mary Trombley, George Solotruck, Mary Solotruck, Giles Jewett, Jr., and Henry Vergi—have sufficiently demonstrated that they reside in the immediate neighborhood of the Project and the reasonable possibility of an environmental impact on that interest caused by increased traffic.

### III. Participation in the Proceedings Below

In addition to satisfying the requirements discussed in detail above, a party must have participated in the proceedings below to have standing as an appellant. 24 V.S.A. § 4471(a). A person satisfying the above requirements who has not participated remains an interested party, however, they fail to qualify for appellant status. In the context of standing, "participation" is defined as "offering, through oral or written testimony, evidence or a statement of concern related to the subject of the proceeding." Id.

Applicant contends that no Appellants have provided the required showing of participation below. Although Applicant correctly states that no reference is made to Appellants' participation in either their Notice of Appeal or their Statement of Questions, Appellants filed a copy of the decision being appealed, which states that Marjorie White Southard, Albert Trombley, and George Solotruck appeared at the hearing and offered statements of concern. We therefore find that Appellants Marjorie White Southard, Albert Trombley, and George Solotruck have satisfied the requirements for standing under § 4471(a). Because Marion Pratico, Vera Maria L. Kalakowski, Claire Kalakowski, Mary Trombley, Mary Solotruck, Giles Jewett, Jr., and Henry Vergi did not provide any assertion or evidence of their participation in the hearing below, we cannot afford them party status as Appellants.[3] These individuals are, however, interested persons.

### Conclusion

For the reasons detailed above, this Court concludes that Applicant's motion is **GRANTED** in part and **DENIED** in part. We find that Appellants Vera Maria L. Kalakowski, Claire

---

[3] Mary Trombley and Mary Solotruck may be related to Appellants Albert Trombley and George Solotruck respectively. With evidence of a relationship we would likely afford them appellant status as we do not require each family member to individually participate. We have no such evidence.

Kalakowski, Marjorie White Southard, Marion Pratico, Albert Trombley, Mary Trombley, George Solotruck, Mary Solotruck, Giles Jewett, Jr., and Henry Vergi are interested persons because they own or occupy property in the immediate neighborhood of the subject property and have demonstrated a physical or environmental impact on that interest under the criteria reviewed. We find, however, that Appellants Shirley Loomis, Doris Roach, Helen Darby, Shelly Allen, and Vera M. K. Kalakowski-Tizabi are not interested persons because they do not own or occupy property in the immediate neighborhood of the subject property and are therefore **DISMISSED** from this appeal. Furthermore, we find that because Appellants Vera Maria L. Kalakowski, Claire Kalakowski, Marion Pratico, Mary Trombley, Mary Solotruck, Giles Jewett, Jr., and Henry Vergi did not participate in the proceedings below, they are not entitled to appellant status; however, they are entitled to **INTERESTED PERSON** status. Finally, having participated in the proceedings below, Appellants Marjorie White Southard, Albert Trombley, and George Solotruck are recognized as **APPELLANTS** in this matter.

Electronically signed on January 07, 2015 at 09:20 AM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

Notifications:
Victor J. Segale (ERN 3684), Attorney for Appellant Vera Maria L. Kalakowski
Victor J. Segale (ERN 3684), Attorney for Appellant Claire L. Kalakowski
Victor J. Segale (ERN 3684), Attorney for Appellant Vera Kalakowski Tizabi
Victor J. Segale (ERN 3684), Attorney for Appellant Marjorie Southard
Victor J. Segale (ERN 3684), Attorney for Appellant Marion Pratico
Victor J. Segale (ERN 3684), Attorney for Appellant Shirley Loomis
Victor J. Segale (ERN 3684), Attorney for Appellant Doris Roach
Victor J. Segale (ERN 3684), Attorney for Appellant Helen Darby
Victor J. Segale (ERN 3684), Attorney for Appellant Shelly K. Allen
Victor J. Segale (ERN 3684), Attorney for Appellant Albert Trombley
Victor J. Segale (ERN 3684), Attorney for Appellant Mary T. Trombley
Victor J. Segale (ERN 3684), Attorney for Appellant Debra Solotruck
Victor J. Segale (ERN 3684), Attorney for Appellant George M. Solotruck
Victor J. Segale (ERN 3684), Attorney for Appellant Giles Jewett
Victor J. Segale (ERN 3684), Attorney for Appellant Henry Vergi
A. Jay Kenlan (ERN 3775), Attorney for Appellee Jim Gilmour
William J. Bloomer (ERN 3734), Attorney for Interested Person Town of Clarendon