STATE OF VERMONT

SUPERIOR COURT                                              ENVIRONMENTAL DIVISION
Vermont Unit                                                     Docket No. 54-5-15 Vtec

---

Pintair Discretionary Permit (Sewer)

---

## ENTRY REGARDING MOTION

Title:         Motion to Dismiss (Motion 1)
Filer:         Town of Williston
Attorney:      Paul S. Gillies
Filed Date:    May 20, 2015

Response in opposition filed on 05/31/2015 by Kevin Brochu, Appellant

**The motion is DENIED.**


The matter before the Court concerns property owned by Alex Pintair (Applicant) at 7997 Williston Road in the City of Williston, Vermont (Property).  On March 24, 2015 the Town of Williston Development Review Board (DRB) conducted a public hearing regarding annual growth management review and allocation for residential development proposals.  Applicant sought approval for two units of allocation to construct a duplex on the Property, on which there is currently a single family dwelling.  A group of neighbors, Kevin and Zuzana Brochu, Donald and Ingrid Luby, and Thomas Munn appealed the DRB's decision granting Applicant's allocation.  Applicant is represented in this matter by Michael D. Johnston, Esq.  The Town of Williston is represented by Paul S. Gillies, Esq.  The neighbors appear as self-represented litigants.

Now pending before this Court is the Town's motion to dismiss neighbors Donald and Ingrid Luby from this appeal.  The Town argues that the Lubys did not participate in the DRB process below, and that they thus fail to meet the requirements of 24 V.S.A. § 4471(a).  The requirements for standing to appeal a decision of a municipal panel are addressed by statute; therefore, we must ensure that each requirement is met so as not to "judicially expand the class of persons" whom the legislature has authorized to appeal such decisions.  In re Verizon Wireless Barton Permit, 2010 VT 62, ¶ 7, 188 Vt. 262 (quoting Garzo v. Stowe Bd. of Adjustment, 144 Vt. 298, 302 (1984)).  A prospective appellant whose standing has been challenged must demonstrate to the Court that they do, in fact, meet the requirements for standing.  See, e.g., Brod v. Agency of Natural Res., 2007 VT 87, ¶ 9, 182 Vt. 234.

To have standing to appeal a decision of a municipal panel, a prospective appellant must demonstrate both that they qualify as an "interested person" under one of the categories defined in 24 V.S.A. § 4465(b) and that they have participated in the proceedings below.  See 24 V.S.A. § 4471(a) (authorizing an "interested person who has participated in a municipal regulatory proceeding" to appeal "a decision rendered in that proceeding by an appropriate municipal panel").  Participation "shall consist of offering, through oral or written testimony, evidence or a statement of concern related to the subject of the proceeding." Id.

The Lubys do not demonstrate, and the minutes of the public hearing do not show, that they participated in the municipal proceedings below.  For this reason, they have failed to satisfy the requirements to be afforded appellant status under 24 V.S.A. § 4471(a).  Finding that the Lubys own or occupy property abutting the Property, however, we conclude that they are entitled to interested person status.  The Town's motion is therefore **GRANTED** in Part and **Denied** in Part.   The Lubys are dismissed as appellants, however, they may fully participate as interested parties.

Electronically signed on July 13, 2015 at 03:15 PM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

Notifications:
Appellant Kevin Brochu
Appellant Zuzana Brochu
Appellant Donald Luby
Appellant Ingrid Luby
Appellant Thomas Munn
Paul S. Gillies (ERN 3786), Attorney for Interested Person Town of Williston
Michael D. Johnson (ERN 5522), Attorney for Appellee Alex Pintair